IRVING SILVERSTEIN, Plaintiff, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, New York County, May 29, 1947.

*Benjamin M. Zelman* for plaintiff.

*Charles E. Murphy, Corporation Counsel* (*Michael A. Castaldi* and *Morris Weissberg* of counsel), for defendant.

Parella, J. Plaintiff moves for judgment on the pleadings under rule 112 of the Rules of Civil Practice, and as such a motion searches the record the defendant requests judgment in its favor.

Two causes of action are alleged in the complaint. In the first count plaintiff pleads that he was a teacher employed by the defendant Board of Education and receiving a salary of $2,304 per annum when on April 25, 1942, he was ordered to military service; that he was honorably discharged on January 19, 1946, and restored to duty as a teacher at the sixth-year salary level of $2,940. While he was in the military service the plaintiff received from the defendant his full civilian salary for the first thirty days, and afterwards the difference between his civilian pay and his military pay, but without the yearly increments which he would have received if he had continued in active service as a teacher.

In the second cause of action the plaintiff alleges that a resolution, adopted by the defendant, provided that a teacher who receives no compensation for his civilian employment while in military service should receive a prorata share of vacation pay for the summer vacation period immediately following his entrance into military service.

All of the essential facts are conceded and the pleadings present only questions of law.

Under subdivision 1 of section 245 of the Military Law the plaintiff, who had been a member of the Officers' Reserve Corps of the Federal military service when he was ordered to active duty, was entitled to receive " while engaged in the performance of ordered military * * * duty ", besides full compensation for the first thirty days of active military duty, which he did receive, " such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty."

When plaintiff was ordered into active military service he was then receiving a salary of $2,304 per annum from defendant. During the period of time he was in active military service, from April 25, 1942, until January 19, 1946, when he was honorably discharged from military service and restored to duty as a teacher, defendant paid to plaintiff the difference between his civilian salary as it stood when he entered into service, to wit, $2,304 per annum, and his military pay, but in computing such difference the defendant did not include in plaintiff's civilian pay the yearly increments which plaintiff would have received under subdivision 1 of section 888 of the Education Law of 1909,

if he had continued to perform actual services as a teacher " unless his services for the year immediately preceding " had " been declared by a majority vote of the board of education or board of superintendents of a city, to be unsatisfactory, after opportunity to be heard."

Under said section 888 of the Education Law, and in accordance with section 889 of the Education Law, plaintiff, pursuant to schedules duly filed with the Commissioner of Education, was entitled to receive yearly increments of $156 or better. His salary, if he had not entered the military service, and " unless his services for the year immediately preceding " had " been declared by a majority vote of the board of education or board of superintendents of a city, to be unsatisfactory, after opportunity to be heard ", would have been as follows: from September 6, 1942, to September 5, 1943, $2,460; from September 6, 1943, to September 5, 1944, $2,616; from September 6, 1944, to September 5, 1945, $2,772; from September 6, 1945, to September 5, 1946, $2,940.

As above stated, when plaintiff went back to work as a teacher on January 19, 1946, he was paid from that time on at the rate of $2,940 per annum, in accordance with subdivision 5 of section 246 of the Military Law, which statute relates to the rights of one restored to his position after military service.

It seems to me that subdivision 5 of section 246 of the Military Law has no application at all to plaintiff's rights while still in the military service, and I do not sustain plaintiff's contention that it is applicable in any way.

However, I think subdivision 1 of section 245 of the Military Law (as most recently re-enacted by L. 1942, ch. 727) should be read together with subdivision 1 of section 888 of the Education Law, as added by chapter 645 of the Laws of 1919. When these statutes are considered in connection with each other and in reference to an officer or employee whose salary is provided for by the said subdivision 1 of section 888 of the Education Law, the " salary or compensation " referred to in subdivision 1 of section 245 of the Military Law, must be taken to mean that salary or compensation which, under the said subdivision 1 of section 888 of the Education Law, such officer or employee, a member of the teaching staff, is entitled to receive in any given year.

This seems clear when the two statutes are placed in juxtaposition. Subdivision 1 of section 245 of the Military Law, provides: " * * * If the period of such absence [in military service] in any calendar year exceeds thirty days he shall

receive for the period of absence in excess of thirty days such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty. * * * "
Subdivision 1 of section 888 of the Education Law of 1909, reads: " A member of the supervising and the teaching staff in such schools serving under a schedule which provides for annual increments shall receive for any given year of service the salary and the increment provided in said schedule for the year which corresponds to his year of service, unless his services for the year immediately preceding have been declared by a majority vote of the board of education or board of superintendents of a city, to be unsatisfactory, after opportunity to be heard."

The " salary or compensation " of this plaintiff for each of the years in question was " the salary and the increment provided in said schedule for the year which corresponds to his year of service ". Plaintiff's true salary in any given year thus included the increment of that year. That, and not the salary which he had been receiving when he was ordered into military service, was his lawful salary for each such year. The only condition which could have prevented the increment from becoming part of plaintiff's true salary in any year would have been a vote of the board of education or board of superintendents, after opportunity to plaintiff to be heard, declaring his services for the previous year to have been unsatisfactory. Of course, it goes without saying that his services as a teacher could not have been declared unsatisfactory during any of the years when this plaintiff was serving honorably in the armed forces.

Accordingly, plaintiff was entitled to receive for the year from September 6, 1942, to September 5, 1943, the difference between his salary of $2,460 and his military pay; for the year between September 6, 1943, and September 5, 1944, the difference between $2,616 and his military pay; for the year from September 6, 1944, to September 5, 1945, the difference between $2,772 and his military pay; and for the period from September 6, 1945, to January 19, 1946, the difference between his civilian salary at the rate of $2,940 per annum and the amount he received in that period as military pay. The sums which the plaintiff should thus have received and was not paid, reach the total of $1,166.53.

Plaintiff's motion for judgment on the pleadings is granted with respect to the first cause of action alleged in the complaint, and he may have judgment against defendant in the sum of

$1,166.53, and appropriate interest to be computed by the clerk.

The second cause of action alleged by plaintiff is based upon the following resolution adopted by the defendant:

" Regulations Covering Status and Privileges For Military Purposes.

" I. Regulations for teachers on military leave of absence.

" 1. A regular teacher on military leave of absence (as provided in Section 246 of the Military Law, as amended by L. 1941, Ch. 843) who during such leave receives no compensation for his civil employment, shall be entitled to receive for the summer vacation period next ensuing upon his entrance into military service a pro-rate salary for such summer vacation period to be calculated as follows:

" The total number of days during which he shall have rendered service since the last summer vacation shall be divided by 190 days representing a school year and multiplied by 70 days representing a full vacation period."

It is clear to me that this resolution has no application to plaintiff because plaintiff was not one " who during such [military] leave receives no compensation for his civil employment ". The contrary is true, as discussion of the facts of this case in connection with the disposition of the first cause of action has shown. Clearly, the defendant could properly allow some summer vacation pay to its employees who were to receive no compensation at all for their civil employment while in military service and could properly withhold such pay from such of its employees as continued to receive partial compensation for their civil employment although engaged in the military service. This is not, as contended by plaintiff, an arbitrary discrimination.

Judgment on the pleadings in favor of the defendant is granted upon the second cause of action alleged in the complaint, which is dismissed.

Order signed.