WILLIAM J. SEELEY, Respondent, v. WATERMAN STEAMSHIP CORPORATION, Appellant.— In an action to recover damages for personal injuries, brought by a seaman under the Jones Act (Merchant Marine Act, 1920, § 33; U. S. Code, tit. 46, § 688), order denying appellant's motion to dismiss the complaint and to vacate the alleged service of summons for lack of jurisdiction of the defendant's person and the subject of the action, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. This action was instituted by a Massachusetts resident against an Alabama corporation doing business in New York, by reason of an accident which occurred on a vessel operated, managed and controlled by the corporation while it was in anchorage at Boston, Massachusetts. The record fails to show that service of the summons had been made in accordance with the provisions of section 229 of the Civil Practice Act, nor does it show any special circumstances that require or warrant the retention of jurisdiction of this case in the exercise of sound discretion, particularly since the respondent has already litigated in an admiralty suit a claim based upon the same accident. (Cf. *Murnan* v. *Wabash Railway Co.,* 246 N. Y. 244; 222 App. Div. 833–834.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

H. EDGAR TIMMERMAN, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, et al., Defendants.— Judgment awarding respondent, a school teacher employed by appellant, additional compensation based upon annual salary increments accruing pursuant to filed salary schedule during the period that he was absent from that employment in the performance of ordered military service, modified on the law by striking therefrom the provision for interest computed upon the monthly portions of the award as they became due, and inserting in place thereof a provision allowing interest upon that amount at 4% per annum from January 20, 1947, and by correcting the computation of interest in the judgment accordingly. As so modified, the judgment is unanimously affirmed, without costs. (*Smith* v. *Board of Education of City of N. Y.,* 208 N. Y. 84; *McGarry Contr. Co.* v. *Board of Education of City of N. Y.,* 264 App. Div. 725.) In our opinion respondent, a member of the Officers Reserve Corps, upon being ordered into the military service was entitled under subdivision 1 of section 245 of the Military Law, and subdivision 1 of section 888 of the Education Law, as it existed prior to revision by chapter 820 of the Laws of 1947, to the admeasurement of the excess of his civilian compensation over that received in military service based upon the salary and increments accruing under the salary schedule during his absence in military service. (*Silverstein* v. *Board of Education of City of N. Y.,* 190 Misc. 588, affd. 190 Misc. 990, affd. 273 App. Div. 990, motion for leave to appeal denied 274 App. Div. 763.) Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ.