THOMAS F. MULLIGAN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, February 4, 1949.

*Paul Windels* and *David B. Tolins* for plaintiff.

*John P. McGrath, Corporation Counsel (Helen R. Cassidy* and *Pauline K. Berger* of counsel), for defendant.

*Wilson, Mangan & Sweeney* for Arthur Adler and others, *amicus curiæ*.

BENVENGA, J. This is a motion for judgment on the pleadings in an action for a declaratory judgment to adjudicate plaintiff's seniority rights, grade and rate of compensation as patrolman of the police department of the city of New York, and to recover illegally withheld salary.

The question presented involves the construction of subdivision 7 of section 246 of the Military Law. That subdivision, so far as pertinent, provides that any person whose name is on any eligible civil service list shall, while in military duty, retain his rights and status on such list; and that, if his name is reached for certification during his military duty, it shall be placed on a special eligible list in the order of his original standing, provided he makes request therefor within sixty days after the termination of his military duty. The subdivision then provides: " Any such person appointed from such eligible list or such special eligible list   *   *   *   shall, *for the purpose of computing seniority credit and training and experience credit for promotion and seniority in the event of suspension or demotion,* be deemed to have been appointed on the earliest date upon which any eligible, who was the lower on such eligible list, was appointed."

That the plaintiff comes within the purview of subdivision 7 is not disputed. His name was reached for certification in February, 1943, while he was in military service, and, after his discharge in June, 1946, he was appointed a patrolman seventh grade at a salary of $2,000 per year (New York City Administrative Code, § 434a–10.0, subd. 7).

The question presented is whether plaintiff, after the termination of his military duty, was entitled to be appointed a patrolman fourth grade at a salary of $2,500, or a patrolman seventh grade at a salary of $2,000.

Plaintiff contends that, under the statutory formula in subdivision 7, he is entitled to retroactive credit " for the purpose of computing [a] seniority credit and [b] training and experience credit for promotion and [c] seniority in the event of suspension or demotion "; that the words " seniority credit ", as used in division [a] of the formula, mean length of service

" for all purposes ", and include the right to be credited and compensated on the same basis as qualified eligibles who were lower on the list than he was at the time of their appointment, and that he should have been appointed a patrolman fourth grade at a salary of $2,500 per annum.

The city maintains, on the other hand, that plaintiff is entitled to retroactive credit " for the purpose of computing [a] seniority credit and training and experience credit for promotion and [b] seniority in the event of suspension or demotion "; that the words " seniority credit ", as used in division [a] of the formula, apply only to situations involving promotion, and that he was properly appointed a patrolman seventh grade at a salary of $2,000 per annum.

There can be no doubt that " seniority credit ", as used in the statutory formula, is the allowance or advantage in rating to which a public employee is entitled by reason of priority in, or length of, service. That term, as well as the words " training and experience credit ", is generally associated and used in connection with promotions, suspensions or demotions (see Civil Service Law, § 16, subd. 5; § 16-b; Rules for Classified Civil Service, rule XIV, subd. 5; 1 N. Y. Official Compilation of Codes, Rules & Regulations, p. 362; Municipal Civil Service Commission Regulations Governing Service Ratings, §§ 19–25; Rules and Regulations of New York City Agencies, pp. 512–514; Administrative Code, § 434a–13.0). Thus, it is provided that, " In all examinations for promotions ", time spent in military service may be " credited " under the subjects " record and seniority ", " training " or " experience " (Civil Service Law, § 16-b). So, the City of New York police commissioner is authorized to make promotions of officers and members of the force " on the basis of seniority, meritorious service and superior capacity, as shown by competitive examination " (Administrative Code, § 434a–13.0, subd. a).

Generally speaking, the term " seniority credit ", standing by itself, does not include, and has no reference to salary or rate of compensation. That the Legislature did not intend to include salary or compensation within the purview of the statutory formula is evidenced by the circumstance that, at the time of the enactment of subdivision 7 in 1946 (L. 1946, ch. 589), many other proposals were presented to the Legislature for the benefit of eligibles who had been or were about to be inducted into the military service. Some of these expressly relate to salary or rate of compensation. For instance, Assembly Introductory No. 1389, Print No. 1481, defines " seniority " to include " salary increments accruing to the position ". This

and other somewhat substantially similar measures failed of passage. Indeed, the only proposals which passed the Legislature were Senate Introductory No. 511, Print No. 523 and Senate Introductory No. 1225, Print No. 1343. The Governor vetoed the first bill and approved the second. The second bill contains the formula embodied in subdivision 7. In approving the bill, the Governor recognized the intention of the Legislature to grant retroactive seniority credit " for certain purposes only " — for the purposes therein specified, and not " for all purposes ", as plaintiff contends.

That the Legislature did not intend to give " seniority credit " the comprehensive meaning for which plaintiff contends would seem to be conclusively shown by the analogous provision of subdivision 5 in the same section — a statute *in pari materia*. That subdivision deals with the rights and privileges of a public employee who has been restored to his former position after the termination of his military duty. It provides that such employee " shall thereafter be entitled to the rate of compensation he would have received had he remained in his position continuously during such period of military duty * * * and shall not be subjected * * * to any loss of time service, *increment,* or any other right or privilege, or be prejudiced in any way with reference to promotion, transfer, reinstatement or continuance in office." (Italics supplied.) Subdivision 5 then repeats, in identical language, the statutory formula in subdivision 7. This formula was added in 1946 — at the time the same formula was inserted in subdivision 7 (see L. 1946, ch. 589).

A comparison of the provisions of subdivision 5 with those of subdivision 7 shows an intention on the part of the Legislature to differentiate between public employees actually engaged in performing the duties of their employment at the time of their induction into the armed forces and veteran eligibles appointed to public office after the termination of their military duty. This is demonstrated by the repetition in subdivision 5 of the formula in subdivision 7. Why did the Legislature insert the salary provision in subdivision 5 if the formula in subdivision 7, repeated in subdivision 5, is sufficient to evidence the intention of the Legislature to grant salary increments to veteran public employees as well as to qualified eligibles? Why did the Legislature include the salary provision in subdivision 5 and omit it in subdivision 7? It could not have been haphazard or unintentional.

Giving effect to the provisions of both subdivision 5 and subdivision 7, the conclusion seems irresistible that the purpose of

the Legislature was to give greater protection or benefits to public employees than to eligibles and to grant veteran public employees rights and privileges in addition to mere '' seniority credit '' by treating them the same as their nonveteran fellow employees, as respects grade and rate of compensation, after restoration to their former civilian employment. On the other hand, in the case of qualified eligibles, it would seem to have been the purpose of the Legislature to grant them mere '' seniority credit '' in situations involving promotions, suspensions or demotions. That it was within the province of the Legislature to make the distinction cannot be denied. Its wisdom or fairness is not for the courts. To hold that eligibles coming under subdivision 7 should receive the same benefits as public employees coming within subdivision 5 would necessitate the reading into the former subdivision the salary provisions contained in the latter. This the court cannot do; for it is not '' ' privileged, by judicial construction, to legislate.' '' (*People ex rel. Doctors Hospital* v. *Sexton,* 267 App. Div. 736, 740, affd. 295 N. Y. 553.)

The motion for judgment on the pleadings is denied and the motion for judgment dismissing the complaint is granted, without costs.