In the Matter of JOHN LEIDMAN, on Behalf of Himself and All Other Employees Similarly Situated, Petitioner, against WILLIAM REID et al., Constituting the Board of Transportation of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 27, 1949.

*Charles Belous* for petitioner.

*John P. McGrath, Corporation Counsel (Morris Himmelfarb* of counsel), for respondents.

MILLER, J. If the increments sought by petitioner were mandatory during the period that he was absent in the military service, he would be entitled to such increments under section 245 of the Military Law, since they would constitute part of his salary or compensation within the meaning of that statute (*Timmerman* v. *Board of Education of City of N. Y.*, 274 App. Div. 934; *Silverstein* v. *Board of Education of City of N. Y.*, 190 Misc. 588, affd. 190 Misc. 990, affd. 273 App. Div. 990). In the cited cases the increments became part of the salaries of the teachers who sued the board of education, under the mandatory provisions of former section 888 of the Education Law. The petition in the instant case alleges that the increments became part of petitioner's salary by virtue of the provisions of section B40–6.0 of the Administrative Code of the City of

New York. Those provisions are, however, not applicable to petitioner or those similarly situated on whose behalf he sues, since petitioner and they were and are employees of the board of transportation of the city of New York. That board, while it acts as agent of the City of New York in the operation of the latter's transit system, is regarded as a separate autonomous body. The board of transportation under section 15 of the Rapid Transit Law has sole control over the fixation of the salaries of its employees (*Matter of Colbert* v. *Delaney,* 249 App. Div. 209, affd. 273 N. Y. 626; *Matter of Murphy* v. *Delaney,* 179 Misc. 436; see, also, *Wilmerding* v. *O'Dwyer,* 69 N. Y. S. 2d 82, affd. 272 App. Div. 35). Indeed section 375 of the New York City Charter provides that nothing therein contained shall affect the provisions of the Rapid Transit Act and section 375–1.0 of the Administrative Code contains a similar provision.

No employee of the board of transportation was entitled as a matter of right to receive any increments. The board by resolution dated December 11, 1942, expressed its policy in respect of increments as being that each individual case was to be treated separately and only those were to be entitled to increments as to whom the board took favorable action. Had petitioner and those similarly situated not been absent in the military service they would have had no absolute right to receive increments. They would have been entitled to such increments only in those cases where the board approved the granting of increments. In the case of petitioner and those similarly situated, the board did not approve or grant any increments for the period during which they were absent in the military service.

Since the increments claimed on the present application were not part of the salary, within the meaning of section 245 of the Military Law, of petitioner or of those similarly situated, this motion to compel payment of such increments is denied.