In the Matter of JESSE C. STRAUSS, on Behalf of Himself and All Other Employees Similarly Situated, Petitioner, against WILLIAM REID et al., Constituting the Board of Transportation of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, February 14, 1950.

*Charles Belous* for petitioner.

*John P. McGrath, Corporation Counsel (Morris Himmelfarb, Assistant Corporation Counsel),* for respondents.

BENVENGA, J. This is a proceeding under article 78 of the Civil Practice Act, for an order directing and commanding the respondents to pay the petitioner certain back pay alleged to be due him by reason of his retroactive seniority. The question presented involves the construction of subdivision 5 of section 246 of the Military Law, concerning the rights of public employees who are absent on military duty.

The facts are not disputed. The petitioner was a signal maintainer's helper in the employ of the board of transportation of the city of New York. In March, 1942, while so employed, he was inducted into the military service. After the termination of his military service in November, 1945, he reported for duty and in July, 1946, was promoted provisionally to the position of signal maintainer, group B. It appears that, while he was in the military service, a promotion examination was held in which he was entitled to participate. In accordance with statute, therefore, he was given a " comparable examination " in January, 1947, receiving retroactive seniority credit

as of August 22, 1943, which was "the earliest date upon which any eligible, who was lower on the regular * * * eligible list, was appointed" (Military Law, § 246, subd. 5). After passing the examination, he was duly certified for promotion, and on June 29, 1947, was appointed permanently to the position of signal maintainer, group B.

The petitioner contends that, in addition to the rights and privileges thus accorded him, he is entitled to receive the salary attached to the position of signal maintainer, group B, from July 28, 1946, when he started to work as a provisional promotee, and not from June 29, 1947, when he was permanently promoted to that position. He therefore demands the difference between the salary which he received as a provisional promotee and the salary to which he is entitled as a permanent employee. He insists he is entitled thereto by virtue of that provision in the statute which, in substance, provides that a public employee restored to his position after the termination of his military duty "shall thereafter be entitled to the rate of compensation [which] he would have received had he remained in his position continuously during such period of military duty", and "shall not be subjected directly or indirectly to any loss of time service, increment, or any other right or privilege, or be prejudiced in any way with reference to promotion, transfer, reinstatement or continuance in office."

Clearly, therefore, the petitioner was entitled, after the termination of his military duty, to be restored to his position of signal maintainer's helper and to the rate of compensation he would have received had he remained continuously in that position. That is all the petitioner was entitled to. Instead, he was provisionally promoted to the position of signal maintainer, group B, pending examination, receiving the higher rate of compensation provided therefor. In short, the statute was more than complied with.

Nor was the petitioner subjected to any loss of time service, increment, or any other right or privilege, or prejudiced in any way with reference to promotion or otherwise. No complaint is made that he has been denied any of these rights and privileges; nor, as I understand it, has he been denied any increment or any mandatory increase in salary (see *Matter of Leidman* v. *Reid,* 196 Misc. 422). His claim is that, in addition to all these rights and privileges, he became entitled to the salary attached to the position to which he was eventually promoted from the date he became a provisional employee.

For this construction, there is no warrant in the statute. It is not within the letter, nor within the spirit or intent, of the statute. This becomes apparent when the provision upon which the petitioner relies is read in connection with the remaining provisions in the statute. Thus, a public employee, after the termination of his miliary duty, is not entitled to promotion unless he demands and passes a special examination. Indeed, he may even pass the examination, be placed on a special eligible list, and never be reached for promotion. Nor is the petitioner thereby deprived of his retroactive seniority, for he is entitled to such credit only when appointed, and then only, for the purpose of computing the same " upon promotion ". In that event, he must be deemed, as has been pointed out, to have been appointed " on the earliest date upon which any eligible, who was lower on the regular  *  *  *  list, was appointed " (see *Weintraub* v. *Reid,* 89 N. Y. S. 2d 345, 346).

Nor is the construction for which the petitioner contends supported by *Mulligan* v. *City of New York* (194 Misc. 579, affd. 275 App. Div. 795, affd. 300 N. Y. 541), upon which the petitioner relies. That case is not in point. It involved the construction of *subdivision 7* of section 246 of the Military Law, and not *subdivision 5* of section 246 the provision here involved.

Moreover, the petition must be denied on other grounds. In the first place, since this proceeding was not instituted by the service of the petition within four months after the determination to be reviewed became final and binding, it is barred by section 1286 of the Civil Practice Act. (*Matter of Insley* v. *Shanahan,* 173 Misc. 33, 35; *Matter of Lennox* v. *McNamara,* 275 App. Div. 1023). In the second place, the petitioner was precluded from commencing this proceeding since he failed to present a notice of claim to the comptroller of the city of New York and has failed to comply with subdivision a of section 394a–1.0, of the Administrative Code of the City of New York (see *McGovern* v. *City of New York,* 160 Misc. 714, 715, affd. 247 App. Div. 775, affd. 272 N. Y. 455). Finally, recovery is barred because the petitioner failed to sign the payroll receipts under protest during any portion of the period involved, as required by section 93c–2.0 of the Administrative Code (*Quayle* v. *City of New York,* 278 N. Y. 19; *Dodge* v. *City of New York,* 278 N. Y. 25; *Pisciotta* v. *City of New York,* 275 App. Div. 966).

The application is therefore denied and the petition dismissed.