Yah Yoorhis, J.
The question in this case is whether petitioner-appellant, a stenographer and typist employed by the board of transportation of the city of New York, is entitled to recover an annual increment at the rate of $120 for a period between the years 1942 to 1945. He was then in the military service of the United States. He claims under section 245 of the Military Law, which provides that “ Every officer and employee of the state or of a municipal corporation or of any other political subdivision ’ ’ shall be entitled to recover the excess of his compensation as such over and above that paid to him for the performance of his military duty in time of war.
While petitioner is one for whose benefit section 245 of the Military Law was adopted, as respondents have recognized by paying him some excess compensation while he was in the service, he was paid Ho increments, and respondents contend that he is not covered by the McCarthy mandatory increment law (Administrative Code, § B40-6.0) which refers to city employees. Employees of the board of transportation are city employees for some purposes but not for others. The cases of Matter of Colbert v. Delaney (249 App. Div. 209, affd. 273 *36 N. Y. 626) and Wilmerding v. O’Dwyer (272 App. Div. 35, revd. on ground that the issues had become moot, 297 N. Y. 664), indicate that the board of transportation acts independently of the board of estimate in determining the salaries and wages of its employees.
We are not called upon to decide whether petitioner is covered by the McCarthy mandatory increment law, however, for the reason that the board of transportation itself adopted a general resolution providing for annual increments which paralleled the McCarthy mandatory increment law. This resolution provided for annual increments of $120 in the case of stenographers and typists in petitioner’s grade, subject to action in specific cases, and the board took specific action in petitioner’s case, in each of the years in question, directing such an increment. It is true that in petitioner’s case these separate resolutions, covering the years in question, contained the statement: “ Effective when employee returns from military duty to active civil duty.” It is argued that this meant that he was never to be paid such sums, but that for these years his salary should theoretically be augmented by $120 per annum, in order to put him on an ostensible parity with employees of the board of transportation who had not gone to war, but only for the purpose of determining his future rate of compensation, at such time as he might return to civil duty as an active employee of the board. We think that this qualifying clause could have had no such limited effect. If he had remained at home working for the board, he would have been entitled to those increments; the purpose of section 245 of the Military Law was to allow them to him, in like manner, while at war.
Section 16-b of the Civil Service Law provides that honorable sendee in the Army and Navy is to be rated as merit. Appellant, therefore, had the equivalent of meritorious service as an employee of the board of transportation while undergoing military service, and was entitled to such increments as the board allowed. The board could not have allowed merely theoretical increments; these allowances had to be actual for all purposes or not at all.
The board of education cases (Timmerman v. Board of Education, 274 App. Div. 934, affd. 298 N. Y. 908; Silverstein v. Board of Education, 190 Misc. 588, affd. 190 Misc. 990, affd. 273 App. Div. 990, motion for leave to appeal denied 274 App. Div. 763), do not appeár to be analogous, inasmuch as the increments were mandatory in those cases under the Education Law. The *37 result is the same, however, where the board of transportation, in its discretion, has granted such increases in compensation.
The circumstance that, while in military service in time of war, appellant signed without protest the checks which he received from the city, representing the excess of his salary (without increments) over and above his military pay, should not preclude him from recovery here, in view of section 305 of the New York State Military Law and the corresponding jjrovision of the Federal Soldiers’ and Sailors’ Civil Relief Act of 1940 (Act, § 202; U. S. Code, tit. 50, Appendix, § 522).
The proceeding is remanded for trial, however, instead of granting relief upon the pleadings, in view of delay in its commencement. Petitioner was discharged from military service on March 2,1946, and returned to civil duty as an employee under the board of transportation on April 16, 1946. This proceeding was not commenced under article 78 of the Civil Practice Act until August 15,1949. It could not be maintained within the four months ’ time limitation imposed by section 1286, of the Civil Practice Act unless begun within four months after respondents’ refusal to comply with petitioner’s demand for payment of his accrued salary increments. Respondents’ alleged refusal was, it is true, by letters dated April 19, 1949 and July 15, 1949, which were written within the four months ’ period. Nevertheless, a claimant cannot wait indefinitely before making such a demand, and it is not clear from the record when the demands were made by petitioner which resulted in these communications from respondents. The first letter from him to respondents, which is set forth in the record, is dated December 22, 1947, which was more than a year and eight months after petitioner had returned to the board of transportation. There is some indication in the record that filing of a formal demand, and consideration of this matter by the board, when petitioner first returned from military service, may have been held in abeyance pending the outcome of litigation involving the board of education, or other departments in the city. Upon the trial to be had pursuant to this decision, evidence may be taken with respect to whether petitioner has been guilty of such laches in making his demand as should bar relief.
This proceeding has not been regarded as representative in character, but as having been instituted in petitioner’s interest as an individual employee.
The order appealed from should be modified, with costs to petitioner to abide the event, so as to provide for a trial of the proceeding.