VICTOR R. LUPO, Plaintiff, v. BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 18, 1951.

*John P. McGrath, Corporation Counsel* (*Albert Cooper* and *John A. Murray* of counsel), for defendants.

*Ira H. Morris* for plaintiff.

HOFSTADTER, J.   The plaintiff sues under section 245 of the Military Law to recover the difference between his military compensation and the pay which attached to his position of bus operator, as an employee of the board of transportation, during the period of his military service.   While admittedly differential payments were made to him during this period, he claims that the payments so made were less than those to which he was by law entitled, because they did not include increments given to others occupying the same positions who remained in civil employment.   The differential payments to the plaintiff were discontinued on June 30, 1945, after which date, according to the defendants' computation, the plaintiff's military pay was equal to or in excess of his civil pay.

The defendants have moved for summary judgment dismissing the complaint upon affidavits establishing indisputably that the plaintiff or his authorized agent signed payroll vouchers without protest for all the differential payments.   The defendants urge that by virtue of section 93c–2.0 of the Administrative Code of the City of New York the plaintiff's failure to note his protest on the vouchers constitutes an accord and satisfaction which now forecloses his right to attack the sufficiency of the payments received by him.   The plaintiff does not deny the absence of protest from the vouchers.   The question for decision is whether the plaintiff was excused from noting his protest.

This motion has been held in abeyance pending the decision of the Court of Appeals in *Matter of Leidman* v. *Reid* (277 App. Div. 34) which it was thought might be determinative.   The Court of Appeals, however, has very recently dismissed the appeal in the *Leidman* case and remanded the proceeding to this court for a trial (302 N. Y. 675).   The appeal was dismissed

because the court did not regard the question certified as decisive of the correctness of the order of the Appellate Division. That order had remanded the proceeding for the trial of the issue of laches. The decision of the Appellate Division in the *Leidman* case, on the effect of section 305 of the Military Law and the corresponding provision of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 522), on the applicability of section 93c–2.0 of the Administrative Code of the City of New York, was therefore not reviewed by the Court of Appeals. Examination of the briefs before the Appellate Division in the *Leidman* case shows that the main question discussed was the petitioner's right to the increments granted during the period of his military service.

There is direct authority that where the official or employee signs the payroll without protest, he is concluded by the payment and that the Soldiers' and Sailors' Civil Relief Act does not suspend or supersede the provisions of the Administrative Code (*Pisciotta* v. *City of New York,* 275 App. Div. 966, affd. 300 N. Y. 664). The Court of Appeals subsequently amended the remittitur in the *Pisciotta* case to state expressly that "there was presented and necessarily passed upon" a question of the interpretation of a Federal statute and that the court had held this statute did not supersede or suspend the provisions of section 93c–2.0 of the Administrative Code (300 N. Y. 755). The Supreme Court of the United States denied certiorari (340 U. S. 825). The *Pisciotta* case is, therefore, controlling authority in this action with respect to all payments made to the plaintiff until June 30, 1945. The *Pisciotta* case is not mentioned in the opinion of the Appellate Division in the *Leidman* case and was not cited to the court. In the circumstances, the direct holding in the *Pisciotta* case requires the court to grant the defendants' motion in respect of the payments up to June 30, 1945. There may be triable issues with respect to the period beyond that date. Accordingly, partial summary judgment will be granted to the extent stated. Settle order.