JAMES J. BRENNAN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, New York County, July 30, 1951.

*Charles Belous* for plaintiff.

*John P. McGrath, Corporation Counsel (Albert Cooper* of counsel), for defendant.

RIVERS, J. The plaintiff, an employee of the defendant the City of New York, has brought this action to recover unpaid increments of salary and a cost of living bonus for the period between March 10, 1941, and June 29, 1945, during which time he was on military leave and serving in the armed forces of the United States, after having been activated with his National Guard unit.

It is clear that the plaintiff was entitled to these increments of salary and to the cost of living bonus, under section 245 of the Military Law and under section B40–6.0 of the Administrative Code of the City of New York (*Timmerman* v. *Board of Educ. of City of N. Y.*, 274 App. Div. 934, affd. 298 N. Y. 908; *Silverstein* v. *Board of Educ. of City of N. Y.*, 190 Misc. 588; affd. 190 Misc. 990 [App. Term, 1st Dept.], affd. 273 App. Div. 990; *Spencer* v. *City of New York*, Municipal Ct. of City of N. Y., Borough of Brooklyn, Feb. 14, 1951, GUTMAN, J., affd. N. Y. L. J., June 29, 1951, p. 2390, col. 7 [App. Term, 2d Dept.]), and there would be no defense to this action if it were not for the fact that the city payrolls for the period in suit contain no notation of any written protest by or in behalf of the plaintiff. The defendant, therefore, relies, to defeat this action, upon section 93c–2.0 of the Administrative Code of the City of New York, which provides in part as follows: " Every official, employee or person who shall sign the receipt upon such payroll as having

received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due to such person from the city for the period covered by such payroll, unless at the time of signing such payroll the person receiving such wages or salary shall write legibly thereon in connection with his receipt that the amount received is received under protest, and unless such protest is so written upon such payroll, no recovery shall be had against the city upon any further claim for wages or salaries for the period covered by such payroll.''

The question is thus presented whether the plaintiff was relieved, by section 245 of the Military Law and by section 305 of the Military Law, as well as by the corresponding provision of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (Act, § 202; U. S. Code, tit. 50, Appendix, § 522), of the necessity of signing each of the payrolls in question under protest.

Before approaching a consideration of this question, it should be noted that the payrolls proper were not, apparently, signed by the plaintiff at all, nor were they signed by anyone in his behalf. Instead individual receipts were signed either by the plaintiff or by his attorney in fact, that is, a separate receipt was signed for each separate pay check. None of these receipts, however, were signed under protest, and I think the distinction which plaintiff would make between the signing of the regular payroll and the signing of separate receipts is not tenable, and I also think it immaterial that the receipts were signed not by the plaintiff but by his attorney in fact. It is not disputed that there was a signature authorized by plaintiff either on the general payroll, or on an individual receipt, covering each salary payment in question and that no such signature was accompanied by the notation of any protest as required by section 93c–2.0 of the Administrative Code.

The legal situation in relation to the necessity of compliance with section 93c–2.0 of the Administrative Code by one in the military service is an anomalous one in view of the fact that it is not altogether easy to reconcile *Matter of Leidman* v. *Reid* (277 App. Div. 34), a decision of the Appellate Division, First Department, an appeal from which was dismissed in the Court of Appeals (302 N. Y. 675), with *Pisciotta* v. *City of New York* (275 App. Div. 966), a decision of the Appellate Division, Second Department (affd. 300 N. Y. 664, remittitur amended 300 N. Y. 755). The complaint of *Pisciotta* (*supra*) was dismissed

in the Appellate Division (275 App. Div. 966) on the ground that while in the military service he had accepted salary payments in lesser sums than he was entitled to receive under section 245 of the Military Law without signing the payroll receipts under protest. The Court of Appeals affirmed without opinion on February 23, 1950 (300 N. Y. 664). To make possible an appeal to the United States Supreme Court, the remittitur was amended by the Court of Appeals to read: " ' Upon this appeal there was presented and necessarily passed upon a question of the interpretation of a Federal Statute, namely, the Federal Soldiers and Sailors Civil Relief Act (U. S. Code, tit. 50, Appendix, § 510 *et seq.*). This Court held that the federal statute did not supersede or suspend the provisions of the Administrative Code of the City of New York, Section 93C–2.0.' " (300 N. Y. 755.) This occurred April 13, 1950. The Supreme Court of the United States denied certiorari (340 U. S. 825).

However, it is clear from the *Pisciotta* case (*supra*) that the Court of Appeals was of the opinion that the Federal Soldiers' and Sailors' Civil Relief Act did not supersede the requirements of section 93c–2.0 of the Administrative Code of the City of New York. Little more than a month after the decision of the Court of Appeals in the *Pisciotta* case amending the remittitur, the Appellate Division, First Department, in *Matter of Leidman* v. *Reid* (277 App. Div. 34), on May 23, 1950, held that section 305 of the New York State Military Law and the corresponding provision of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (Act, § 202, U. S. Code, tit. 50, Appendix, § 522), were effective to permit recovery of salary payments to which the plaintiff was entitled under section 245 of the Military Law, and which he had not received, notwithstanding the fact that the plaintiff had failed to note any protest. As hereinabove indicated an appeal from the *Leidman* case (*supra*) was dismissed by the Court of Appeals (302 N. Y. 675). *Pisciotta* and *Leidman* were considered by Mr. Justice HOFSTADTER in *Lupo* v. *Board of Transp. of City of N. Y.* (200 Misc. 403). I am in agreement with the conclusion reached in the *Lupo* case (*supra*); and I believe that *Pisciotta* is controlling here.

It is contended by the plaintiff that in the *Pisciotta* case (*supra*) the Court of Appeals considered the effect only of section 202 of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 522). But section 305 of the New York State Military Law is word for word the same as section 202 of the Federal act, and an interpretation of one statute, in a controlling decision, is equally an interpretation

of the other statute. The statute of the State of New York was drawn in conformity with the Federal statute.

Approaching the question *de novo,* it seems to me that section 245 of the Military Law does not aid the plaintiff in this connection. This is one of many so-called mandatory statutes, mandating certain payments of salary upon the City of New York and other subdivisions of the State Government. It has frequently been held in the case of these mandatory statutes that one seeking to recover payments of salary which were denied to him must establish that the particular payrolls in question were signed by him under protest. Both section 202 of the Soldiers' and Sailors' Civil Relief Act of 1940 and section 305 of the Military Law of the State of New York relate to fines and penalties, as shown by the titles of those statutes. Both statutes provide, " When an action for compliance with the terms of any contract is stayed " by reason of the military service of one of the parties to the contract, " no fine or penalty shall accrue by reason of failure to comply with the terms of such contract during the period of such stay," and also that a court may " relieve against the enforcement of such fine or penalty ". It seems to me that the requirement of section 93c–2.0 of the Administrative Code that one who would recover the difference between the salary to which he is lawfully entitled and the lesser sum paid to him by the city must accept the lesser sum under protest does not constitute the imposition of a fine or penalty for the nonperformance of a contractual obligation, and that no question of any fine, penalty or other forfeiture is involved. The section of the Administrative Code in question merely makes the acceptance of the lesser salary without protest the equivalent of an accord and satisfaction, and neither section 202 of the Federal Soldiers' and Sailors' Relief Act nor section 305 of the New York State Military Law have any bearing upon effectuation under the Administrative Code of a valid accord and satisfaction.

Accordingly, the motion of the defendant the City of New York for summary judgment under rule 113 of the Rules of Civil Practice is granted. The complaint is dismissed.

The plaintiff's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice is denied.

Order signed.