JAMES J. BRENNAN, Appellant, *v.* CITY OF NEW YORK, Respondent.

Supreme Court, Appellate Term, First Department, January 3, 1952.

*Charles Belous* and *Irving Lemov* for appellant.

*Denis M. Hurley, Corporation Counsel* (*Henry J. Shields* and *Seymour B. Quel* of counsel), for respondent.

*Per Curiam.* This appeal and the decision below are controlled by section 93c–2.0 of the Administrative Code of the City of New York as construed by *Pisciotta* v. *City of New York* (275 App. Div. 966 [2d Dept.], affd. 300 N. Y. 664, motion to amend remittitur granted 300 N. Y. 755, certiorari denied 340 U. S. 825); and also by *Lupo* v. *Board of Transp. of City of N. Y.* (200 Misc. 403) and *Russo* v. *Bingham* (106 N. Y. S. 2d 894). HOFSTADTER, J., in the *Lupo* case (*supra*) and RIVERS, J., writing in this case below, fully set forth the view of the majority of this court. The language of the payroll and the receipt substantially follows the wording of the statute. The language of the individual receipt reads in substance as follows: '' Received from the Treasurer of the City of New York the sum shown hereon in full payment for services rendered in the capacity indicated and for the period above stated.''

The only question raised on the appeal is that the provisions of the Military Law render the provisions of section 93c–2.0 inapplicable to city employees in the military service. The above cases are to the contrary.

The judgment and order should be affirmed, with costs.

EDER, J. (dissenting). Plaintiff appeals from a judgment dismissing the complaint entered upon an order granting defendant's motion for summary judgment under rule 113 of the Rules of Civil Practice, upon the ground that the action is lacking in merit, and from an order denying plaintiff's cross motion for judgment on the pleadings, under rule 112.

Plaintiff is a regular civil service employee in the department of correction of the city of New York. He was a member of the National Guard and was activated with his National Guard unit and inducted into the United States Army on March 10, 1941, and continued in military service until June 29, 1945; he returned to his civilian employment on July 3, 1945.

Plaintiff claims he was entitled to receive annual increments of $120 on July 1st in each of the years 1941 to 1944, inclusive, under the provisions of what is known as the McCarthy Increment Law (Administrative Code of City of New York, § B40–6.0), and that he was also entitled to receive by reason of the provisions of section 245 of the Military Law, the difference between his original salary, augmented by such increments plus cost of living bonuses, and the amount he received in military service. Plaintiff was paid the difference between his original salary and his military pay and this action is brought for the remaining difference amounting to $1,560.

The basic ground upon which defendant relies to defeat plaintiff's action is that he accepted, without protest, the amounts paid to him and is hence barred by the provisions of section 93c–2.0 of the Administrative Code from receiving any additional payments, as demanded in each of the separate causes of action for any of the payroll periods during which he failed to sign the payroll under protest.

Section 93c–2.0, entitled " Payment of salaries ", so far as pertinent, provided: " Wages and salaries may be paid upon payrolls, upon which each person named thereon shall separately receipt for the amount paid to such person, and the comptroller is hereby authorized and empowered, in his discretion, to direct and require that wages and salaries shall not be paid except upon such receipt being individually signed by such person. Every official, employee or person who shall sign the receipt

upon such payroll as having received the amount therein mentioned in full payment for services rendered by him for the entire time specified in such payroll, shall be deemed to have made an accord and satisfaction of all claims against the city for wages or salary due to such person from the city for the period covered by such payroll, unless at the time of signing such payroll the person receiving such wages or salary shall write legibly thereon in connection with his receipt that the amount received is received under protest, and unless such protest is so written upon such payroll, no recovery shall be had against the city upon any further claim for wages or salaries for the period of time covered by such payroll.''

It is thus, clear that a formal payroll sheet is required to be drawn and presented to the employee named therein, to be signed by him, and that it constitutes a receipt for his wages or salary, and that it also constitutes an accord and satisfaction and release, unless such employee, at the time he signs the payroll, writes legibly thereon in connection with his receipt that the amount received is received under protest.

Conforming to the requirements of said section 93c–2.0, the city has devised and utilizes a formal printed '' Pay Roll Sheet '', which contains a number of columns setting forth the name and title of the employee, the gross income earned, deductions for Federal withholding tax, pension, health insurance plan, and other items, the net amount payable, with a blank space for the employee's signature and space enough to write a protest thereon if the employee so intends.

Salaries and wages are not paid in cash; the custom and established procedure of the city is to pay by check. As a matter of accommodation to employees who are unable to be personally present to sign the payroll sheet the city accepts a printed form receipt, of its own composition and design, signed by the employee or his authorized representative. This receipt contains a statement that the sum thereon set forth is received from the treasurer of the city of New York in full payment for services rendered in the capacity indicated and for the period stated thereon. The particulars supplied to the employee on the payroll sheet, mentioned (*supra*), are not furnished to the employee by the receipt.

As has been mentioned the only mode of acknowledging receipt prescribed by section 93c–2.0, consists of the physical signing by the employee of his signature on the payroll sheet and it is on such payroll sheet that he must note his protest and

failure to note such protest on such payroll sheet results in creating a release in the form of a statutory accord and satisfaction.

In the instant case, however, the payrolls proper were not submitted to plaintiff for signing nor were they signed by anyone in his behalf. Instead, individual receipts, of the type mentioned, were signed by plaintiff or by his attorney in fact, that is, a separate receipt was signed for each separate pay check.

The court below was of the view that no valid distinction exists between the signing of the prescribed regular statutory payroll and the signing of such a receipt, and relied, essentially, on the case of *Pisciotta* v. *City of New York* (275 App. Div. 966 [2d Dept.], affd. 300 N. Y. 664, motion to amend remittitur granted 300 N. Y. 755). The city contends that this is a correct decision, and refers to a statement in that case, in the memorandum decision, to the effect that no written protest was noted upon the receipts, and alludes, also, to the statement therein, that the receipt, without protest, of the salaries paid, was a bar to the action.

An examination of the appeal record and briefs in the *Pisciotta* case (*supra*) discloses that the precise question with which we are here concerned, was not involved or determined, viz., the *substitution* of the mentioned *receipt* in place of the required and prescribed *statutory payroll,* and whether this substitution was valid and rendered operative and effective the provisions of section 93c–2.0, as creating an accord and satisfaction and bar, to like effect as if, in fact, the statutory payroll sheet had been submitted to and signed by the employee.

The basal issue litigated and determined in the *Pisciotta* case (*supra*), as the record discloses, was whether a letter which was written by Pisciotta, agreeing to accept a smaller sum as salary and waiving the full amount, was the result of unjustified threats, fraud and duress.

With respect to the signing of monthly pay receipts in that case, without protest, the trial court was of the view that the failure to protest and the writing of the waiver letter were two parts of the one agreement and were no more effective than the agreement itself which was void for fraud and duress.

The Appellate Division did not discuss the imperative requirement of section 93c–2.0, that it is the *payroll* that must be presented to the employee to be signed and that failure of the employee to note protest upon it (the payroll) creates a statutory accord and satisfaction and bar to recovery; nor that the

statute does not authorize a substitution of a receipt for and in place of the statutory and prescribed payroll.

The failure of the Appellate Division to rule thereon was seemingly recognized for in the briefs in the Court of Appeals both parties sought to obtain a ruling thereon, i.e., whether the failure to sign the *receipt,* without protest noted thereon, was as effective as a bar under section 93c–2.0 as the failure to sign the payroll and note a protest thereon. The Court of Appeals made no ruling on this precise question.

The city also refers to *Lupo* v. *Board of Transp. of City of N. Y.* (200 Misc. 403) and *Russo* v. *Bingham* (106 N. Y. S. 2d 894) as supporting its contention that on the mentioned precise question the Appellate Division ruling in the *Pisciotta* case (*supra*) is controlling authority in this action.

For the reasons stated I am unable to concur in such a construction; I am unable to find, in the records on appeal in the Appellate Division, or in the Court of Appeals, or in the decisions of those courts, any warrant for such a construction or interpretation. So far as those cases indicate support of this view of the city I am not in accord therewith.

Nor does the case of *Matter of Leidman* v. *Reid* (277 App. Div. 34 [1st Dept.], appeal dismissed 302 N. Y. 675) directly pass upon or dispose of this specific question. The reference to the failure to sign a protest on the salary checks was merely an incidental and passing expression. The real question before the court and passed upon was not a specific construction of section 93c–2.0 of the Administrative Code, but the court construed sections 245 and 305 of the State Military Law, section 16-b of the Civil Service Law, section 202 of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 522) and section B40–6.0 of the Administrative Code.

An examination of the record on appeal and briefs discloses that the statutes actually involved in the *Leidman* case (*supra*) were section 245 of the Military Law and section B40–6.0 of the Administrative Code. An examination of the Court of Appeals record discloses that the city sought to have that court hold that under the *Pisciotta* case (*supra*) ruling the right to recover the claimed salary differential was barred by said section 93c–2.0, due to the fact that Leidman had failed to note a protest on his salary checks.

The Court of Appeals made no ruling on that point. The court dismissed the appeal upon the ground that the question certified was not decisive of the correctness of the order of the Appellate Division.

It is my view, therefore, that the particular question before this court for decision is this: Where a statute expressly prescribes the mode by which the city can create and acquire a statutory accord and satisfaction, and bar, as here, under section 93c–2.0 of the Administrative Code, is the same result and effect accomplished by substituting therefor an entirely different mode, namely, by having the employee sign a receipt in place of signing the prescribed statutory payroll, disregarding the express requirements imposed by said enactment?

In other words, is the receipt the equivalent of the prescribed statutory payroll and must such a protest be noted on the receipt itself as distinguished from noting it on the payroll sheet and is this substitution sufficient to render section 93c–2.0 operative and effective, in like manner, as if the employee had signed the prescribed payroll sheet itself.

It is my opinion that this substitution of such receipt for the prescribed statutory payroll is not the equivalent of signing the payroll itself; that such substituted procedure is unauthorized by the Administrative Code, nor has research disclosed any other statute permitting such substitution, or providing that failure to note on the mentioned receipt or salary check, such a protest, shall constitute a statutory accord and satisfaction and bar.

It is my view that such receipt does not have any such legal effect; that it merely constitutes an acknowledgment of receipt of a certain sum of money but does not result in creating the accord and satisfaction and bar declared in section 93c–2.0.

This is a case where the city seeks to invoke a special statute as a release to escape payment of money otherwise payable to the plaintiff. Where one seeks the benefits conferred by a statute, which benefits are granted upon compliance with certain specified conditions therein imposed, such party must show compliance with the conditions prescribed. In other words, the city, seeking to obtain the benefit of this escape clause in section 93c–2.0, must show that it has acted in conformity with the requirements of this law.

Section 93c–2.0 explicitly prescribes the procedure. There must be a payroll sheet; each person named thereon must separately and individually sign thereon receipt for the amount paid to him. He is deemed to have been paid in full unless " at the time of signing *such payroll* " (not any separate receipt; italics supplied) he shall write legibly on the payroll that he receives such payment under protest, and such failure to note

protest shall thereupon constitute an accord and satisfaction and bar.

The procedure prescribed by section 93c–2.0 was not followed here. The payroll sheet was not submitted to plaintiff or to his authorized representative. Neither could have noted a protest thereon since the payroll sheet was never submitted to them. Hence, there was not a compliance by the city with the requirements prescribed by section 93c–2.0, and its provisions creating a statutory accord and satisfaction and bar to recovery never became effective as to plaintiff.

Moreover, as mentioned, there appears to be no statute authorizing the substitution of a receipt for the prescribed statutory payroll or providing that signing the receipt shall be the equivalent of signing the prescribed statutory payroll and shall have the same force and effect.

Nor, in my opinion, would it be a tenable contention by the city to say that it would be impractical or futile to submit the prescribed statutory payroll sheet to city employees who are in the armed forces. That may be so. But it does not alter the situation. The simple answer is, I think, that a provision should have been enacted providing that where city employees are unable to be personally present to sign the payroll sheet that in lieu and substitution thereof a receipt may be signed by him or his authorized representative which shall be and constitute the equivalent of his signing the statutory payroll and shall have the same force and effect as if the signing was on the payroll sheet itself.

It seems apparent that the mentioned situation was overlooked when enacting section 93c–2.0. The necessary amendment is not to be supplied by the practice here pursued. The effect and result of giving judicial sanction to the city's contention is to destroy the right of plaintiff to recover these moneys to which he appears to be clearly entitled.

The act of the comptroller in substituting the afore-mentioned receipt in place of the prescribed statutory payroll is not a case of mere departure from formal technicality without resulting injury. To give it valid recognition is to cause a direct loss in terms of money, a deprivation of compensation, a direct resulting injury to plaintiff, and it should not, in my opinion be permitted or given judicial approval in the absence of strict observance of, adherence to, and compliance with, the conditions imposed by the statute invoked.

For the reasons set forth it is my view that the court below erred in granting the motion for summary judgment and in dismissing the complaint and in denying plaintiff's cross motion for judgment on the pleadings.

The judgment and order appealed from should be reversed, with costs, defendant's motion for summary judgment denied, and plaintiff's cross motion for judgment on the pleadings granted.

HAMMER and HOFSTADTER, JJ., concur in *Per Curiam* opinion; EDER, J., dissents in opinion.

Judgment and order affirmed.