E. Howard Ringrose, J.
The plaintiffs in this action for a declaratory judgment brought on behalf of themselves and all other school teachers in the State of New York similarly situated, *357 challenge the validity of the action of the defendant, the New York State Teachers’ Retirement System, in adopting on or about January 9, 1946 an actuarial table for computing the annuity benefits of the members of the defendant pursuant to subdivisions 4 and 5 of section 508. of the Education Law. of the State of New York.
It is the contention of the plaintiffs that the action of the defendant constitutes a breach of the contractual relationship established by section 7 of article V of the Constitution of the State of New York, as to members of the retirement system prior to the effective date (July 1,1940) of the aforesaid section 7 of article V of the Constitution.
The answer of the defendant contains an affirmative defense in substance that the plaintiffs have no present interest in the subject matter of the action and will have none until and when, if ever, they seek retirement and apply for their retirement benefits. As a second affirmative defense, the defendant alleges that subdivision 4 of section 508 of the Education Law, which mandates the periodical adjustment of annuity benefits payable upon retirement according to mortality and actuarial tables adopted pursuant to subdivisions 4 and 5 of section 508 of the Education Law, constitutes and forms part of the contract between each member of the retirement system and the Ne.w York State Teachers’ Retirement System.
The defendant has moved pursuant to rule 112 of .the Rules of Civil Practice for judgment on the pleadings in favor of the defendant declaring and adjudicating valid the action of the defendant in reducing benefits payable to the plaintiffs upon retirement in conformity with the revised mortality table adopted on January 9, 1946 and that the same does not conflict with section 7 of article V of the New York State Constitution, or, in the alternative, that the complaint be dismissed on the ground, in substance, that the plaintiffs have no present interest in the subject matter of the action.
The plaintiffs urge a disposition in their favor adjudicating the mortality table adopted by the defendant on January 9, 1946 as invalid and inoperative as to them.
The factual allegations of the complaint are deemed admitted for the purpose of this motion and, in fact, with few minor exceptions are conceded by the defendant. The disposition about to be announced is made, however, mindful that a motion by the defendant under rule 112 of the Rules of Civil Practice, must be decided on the basis of the matter set forth in the complaint, exclusive of the defenses contained in the answer. (Gokey v. *358 McDermott, 274 App. Div. 996; Lipkind v. Ward, 256 App. Div. 74.)
The plaintiffs Eliot Birnbaum and Mildred B. Cate are duly licensed teachers of the State of New York and members of the New York State Teachers’ Retirement System, Eliot Birnbaum since February 19,1935 and Mildred R. Cate since September 8,1922.
The existing New York State Teachers’ Retirement System was established on the first day of August, 1921 by chapter 503 of the Laws of 1920, and by section 502 of the Education Law of the State of New York, is endowed with the powers and privileges of a corporation.
Retirement of teachers is permissive upon completion of 25 years of service and attainment of age 60 while in service. Upon retirement a teacher receives a retirement allowance and an annuity based on the actuarial equivalent of his or her accumulated contributions at the time of retirement. (Education Law, § 510, subd. 2, par. a.)
Prior to July 1,1940, and on the date the plaintiffs respectively became members of the teachers retirement system, there was in effect a mortality and actuary table for computing the annuity benefits of the members upon retirement at the following rates:
MALES FEMALES Retirement Multiplier Retirement Multiplier Age Age 60 .0935 60 .0838 61 .0963 61 .0860 62 .0993 62 .0882 63 .1025 63 .0906 64 .1060 64 .0932 65 .1096 65 .0959 66 .1136 66 .0988 67 .1178 67 .1019 68 .1224 68 .1053 69 .1272 69 .1089 70 .1325 70 .1127
Section 7 of article V of the Constitution of the State of New York was adopted in 1938, and provides: “ § 7. After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired.”
*359 Thereafter and on January 9, 1946 pursuant to subdivisions 4 and 5 of section 508 of the Education Law, the defendant revised the mortality and actuarial tables for the computation of annuity benefits according to the increased life expectancy of the members, which reduced by 5% the amount of annuity benefits payable upon retirement subsequent to the adoption thereof, according to the following table:
MALES FEMALES Retirement Multiplier Retirement Multiplier Age Age 60 .0887 60 .0796 61 .0914 61 .0817 62 .0943 62 .0839 63 .0974 63 .0862 64 .1007 64 .0887 65 .1042 65 .0914 66 .1079 66 .0943 67 .1120 67 .0974 68 .1163 68 .1007 69 .1209 69 .1042 70 .1259 70 .1079
The challenge to the complaint on the ground that the plaintiffs have no present interest in the subject matter of the action, is rejected. Neither of the plaintiffs has resigned or applied for retirement. Also recognized, is the possibility as urged by the defendant, that one or both of the plaintiffs may cease their employment as teachers in the public school prior to attaining retirement status, in which event they could withdraw their accumulated contributions to the pension system and the mortality tables in effect would have no bearing. However, the security offered by membership in the retirement system is generally regarded as an inducement to employment in State service or in the public schools. The value of retirement benefits and prospective rate of payment, especially in the face of continued inflation, is of vital concern to the plaintiffs and might well be the determining factor in their decision to continue in the teaching profession, or seek more lucrative employment.
Section 473 of the Civil Practice Act provides in part: “ The supreme court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration ”.
The presence in the action of a constitutional question or the legality or meaning of a statute, permits resort to this remedy. (Dun & Bradstreet, Inc., v. City of New York, 276 *360 N. Y. 198, 206-207; Bank of Yorktown v. Boland, 280 N. Y. 673; New York Operators v. State Liquor Auth., 285 N. Y. 272, 275-276; Lynch v. Bailey, 279 App. Div. 650, affd. 304 N. Y. 669.)
• It is significant on the question of the legality of the defendant’s action in relation to the rights of these plaintiffs, that there is not now and never has been any provision in the Education Law promising or guaranteeing to the members of the State Teachers’ Retirement System, a fixed benefit for each dollar paid in. On the contrary, the benefits payable upon retirement include “ An annuity which shall be the actuarial equivalent of his accumulated contributions at the time of his retirement ”. (Education Law, § 510, subd. 2, par. a.)
The term “ actuarial equivalent ” has reference to the mathematical formula for computing annuity payments according to the mortality table calculated and adopted pursuant to the provisions of subdivisions 4 and 5 of section 508 of the Education Law.
“ The provisions of the Retirement System Act, (supra) require that the Retirement Board shall regularly make actuarial investigations and adopt new mortality tables in order to preserve a sound financial structure for the system, and the Act further provides that an employe’s benefits shall be payable ‘ on retirement ’ based upon an ‘ actuarial equivalent ’. Accordingly the court held that such benefits could only be determined át the time b'f retirement, based upon the actuarial tables then recognized by the board.” (2 Words and Phrases [Perm. Ed.; 1955], Actuarial Equivalent, p. 483.)
. Excerpts from the proceedings of the Constitutional Convention of 1938 are quoted at some length in the brief of the plaintiffs and urged in support of their claim that the mortality table adopted by .the defendant in 1946 impairs and diminishes the retirement benefits of teachers employed prior thereto, and, therefore, is illegal and void as contravening section 7 of article V of the Constitution.
;■ Unquestionably, the purpose motivating the adoption of the amendment was to preserve the integrity of the pension systems of the State and its civil divisions. Previously the members acquired no vested interest until retirement status was attained. (Roddy v. Valentine, 268 N. Y. 228, 231-232.)
Prior to the amendment a retirement plan could be terminated or its solvency imperiled by the neglect or failure of legislative bodies to appropriate the necessary funds to maintain the systems on.a sound actuarial basis.
*361 The language of the statute is unequivocal. The right qf an employee member of the retirement system in respect to the rate of payment of annuity benefits becomes fixed upon retirement and not at the time he becomes a member of the system, or even when he has attained eligibility. The contractual relationship created by section 7 of article V of the Constitution imposes upon the Teachers’ Retirement System the obligation to pay to the members upon retirement, a pension as additional compensation for services rendered in the past, and an annuity based upon the member’s contributions. Prior to retirement for superannuation the member’s rights are inchoate. (O’Dea v. Public School Employees’ Retirement Bd., 66 Dauphin County Reports [Pa.] 58.)
There is no claim by the plaintiffs that the mortality table adopted by the defendant in 1946 was inaccurate or based upon unreliable data. The language of subdivisions 4 and 5 of section 508 of the Education Law pursuant to which the mortality and actuarial tables of 1946 were adopted, is substantially identical with the language of the original enactment. (Education Law, § 1107, subds. 4, 5; L. 1920, ch. 503.)
Since section 7 of article V of the Constitution of the State of New York endows membership in the pension fund of the State with the attributes of a contractual relationship, the rule is invoked that the applicable provisions of the statutes in force at the time membership in the retirement system was acquired, must be read into the contract. (Strauss v. Union Central Life Ins. Co., 170 N. Y. 349, 356; People ex rel. City of New York v. Nixon, 229 N. Y. 356, 361; Worthen Co. v. Kavanaugh, 295 U. S. 56, 60.)
The court has been referred to no authority in which this precise question was considered and personal research disclosed none except O’Dea v. Public School Employees’ Retirement Bd. (supra). It will be observed that the New York statute is similar to that of Pennsylvania. (Purdon’s Pa. St. Ann. Vol. 24, § 2081 et seq., as amd.)
The motion of the defendant to dismiss the complaint should be granted.
Also granted is the motion of the defendant adjudicating valid and legal the action of the State Teachers’ Retirement System in adopting a mortality table on or about January 9, 1946 according to the mandate of subdivisions 4 and 5 of section 508 of the Education Law, and computing the actuarial equivalent of the contributions of members thereafter retiring accordingly.