Henry Clay Greenberg, J.
Plaintiffs move for summary judgment upon a stipulated state of facts. They are firemen in the New York City Fire Department having received their appointments after termination of service in the military forces. They seek to have declared void a directive of the fire commissioner requiring them to make certain pension contributions as if each had been appointed to the New York City Fire Department on the date of his retroactive seniority and had been present and had continuously performed the duties of their positions from that date. Each plaintiff has made pension contributions based upon his actual date of appointment and upon the actual salary he received.
The facts as to each of the several plaintiffs differ only as to dates and amounts and as to the plaintiff Dunn the stipulated facts are these: He was an eligible on the fire department eligible list promulgated on December 16, 1941 and was in military service from January 20, 1942 until his honorable discharge on April 12, 1946.
*1056 He could have been appointed when reached on the list on September 16, 1942 but was actually appointed on July 1, 1946 when he was assigned as a probationary fireman and thereafter on January 1,1947 became a member of the pension system and made regular contributions to the pension fund at a stated percentage of his annual salary, based upon his age on January 1, 1947 and in accordance with the actuarial tables supplied to the pension fund by its actuary and such rate was applied to the compensation which plaintiff actually received.
Thereafter, plaintiff was notified that he was granted retroactive seniority to September 16, 1942. However, such retroactive seniority did not carry with it the right to retroactive salary increments and the mandatory increments as provided in the Administrative Code were granted to the plaintiff to commence only from July 1, 1946, the date of his actual appointment to the position of fireman.
After such notification the pension fund applied a new and increased rate of contribution computed upon the basis that plaintiff had actually been appointed to and had entered upon his duties on September 16, 1942; had completed his probationary period and had become a member of the pension fund six months after September 16, 1942 and had been promoted and had received the periodic increases in salary as provided by statute as if he had been present and continuously engaged in the performance of the duties of his position from that date. The rate so applied was taken from the actuarial tables supplied to the pension fund by its actuary which was the rate applied to a member of the New York City Fire Department Pension Fund who was appointed to the fire department and actually entered into performance of his duties of such position on September 16, 1942 and became a member of the pension at that time.
The Military Law provides that upon the death or retirement of a New York City member, the City of New York must pay into the pension fund the amount of all contributions which such member would have been required to make if during the period of his military service he had been present and had continuously performed his duties provided that the compensation the member received in military service did not exceed the civil compensation of his city employment (see Military Law, § 243, subd. 20, par. A, subpar. [1], cl. [b]; subd. 20, par. B, subpar. [4]).
Subdivision 4 of section 243 of the Military Law reads: “ Pensions. Any public employee who is a member of any pension or retirement system may elect, while on military *1057 duty, to contribute to such pension or retirement system the amount which he would have contributed had his employment been continuous and upon making such contribution he shall have the same rights in respect to membership in the retirement system as he would have had if he had been present and continuously engaged in the performance of the duties of his position.” This permissive election is not granted to persons in the military service who became members of the system thereafter.
Another distinction was involved in Mulligan v. City of New York (194 Misc. 579, affd. 275 App. Div. 795, affd. 300 N. Y. 541) where persons on an eligible list at the time of entry into military service claimed the right of compensation at a rate which they would have received had they not been in the military service and had been appointed when their names were reached on the original eligible list. Retroactive seniority was granted on that basis but the plaintiffs were denied a declaration that their compensation was to be fixed upon the same basis (see Military Law, § 243, subd 7). However, under subdivision 5 of section 243 of the Military Law a public employee restored to his former position after termination of military service is entitled to the rate of compensation he would have received had he remained in his position continuously during such period of military service.
Defendants rely on section 243 of the Military Law (subd. 20, par. B, subpar. [4]) which reads: ‘ ‘ Except as otherwise provided in paragraphs C, D and E of this subdivision, any New York city member shall have as to any period of military duty performed by him the same rights and shall be entitled to the same benefits in respect to his membership in any system as he would have had if he had been present and continuously engaged in the performance of the duties * * * (4) if he did not receive such leave, but is entitled to credit under such subdivision seven, seven-a or seven-b, of the position to which he is deemed to have been appointed on the date specified therein, and as if he had actually been appointed and had entered upon the performance of the duties of such position upon such date.” While the quoted provisions protect the benefits they do not impose the obligation or burden here asserted by the defendants. They rely further on section B19-7.65 of the Administrative Code, which reads in part as follows: “ b. Upon the basis of the mortality and other tables herein authorized, and regular interest, the actuary shall compute the amount of contribution, expressed as a proportion of the compensation paid to each such member, which if paid semi *1058 monthly during the entire prospective city-service of the member, would be sufficient to provide for the retirement allowance reserve required at the time of his discontinuance of city-service to cover the retirement allowance to which he might be entitled or which might be payable because of his city-service as a member and for the amount of cash benefits payable on his account in the event of death or withdrawal from service. Such proportion of compensation shall be computed to remain constant during his prospective city-service.” However, the question of the amount of benefit payable upon this actuarial basis is not now before the court. The quoted provision is not authority for the imposition of a rate of contribution by the member based upon the fictitious period of seniority which, nevertheless, denies to the plaintiff the right of a rate of compensation based upon the date from which such fictitious seniority is fixed. Seniority in this instance is not synonymous with prospective service and payroll period (see Administrative Code, § B19-7.65, subds. a, b, c, d).
Defendants rely on Birnbaum v. Teachers’ Retirement System (4 Misc 2d 356). There the New York State Teachers’ Retirement System established in 1921 (Education Law, § 502) was involved. The statute provided that upon retirement a teacher shall receive a retirement allowance and 1‘ annuity which shall be the actuarial equivalent of his accumulated contributions at the time of his retirement ” (§ 511, subd. 2, par. a). In 1946 because of increased life expectancy of its members the system decreased by about 5% its table of annuity benefits payable to members upon retirement thereafter. It was held that the revised tables were validly and legally adopted under section 7 of article V of the New York State Constitution. What plaintiff’s (Dunn) pension rights will be on retirement is not now before the court. There is no statute called to the court’s attention which compels a contribution by a member based upon salary not received. It may be noted in addition that with respect to appointments made while on military duty subdivision 6 of section 243 of the Military Law refers specifically to obligations as well as rights while all of the statutes heretofore noted and relied on impose the obligation upon the city and granted to the plaintiffs only rights and benefits.
The motion is granted. Settle order.