JOSEPHINE CALLAHAN, Appellant, v. NEW YORK CITY EMPLOYEES RETIREMENT SYSTEM, Defendant, and GRACE BOLLER, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

EUGENE F. DUNN et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— Order and judgment unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ. [9 Misc 2d 1054.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN McMAHON, Appellant.— Judgment unanimously affirmed. No opinion. Concur —Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR GWYER, Appellant.— The judgment appealed from is reversed and the complaint dismissed. The defendant is charged with offering for sale and causing to be sold services of his laundromat on Sunday, in violation of section 2147 of the Penal Law. This section is entitled "Public traffic on Sunday." By its introductory language "All manner of public selling or offering for sale of any property upon Sunday is prohibited". Thereafter, certain exceptions are enumerated. In *People* v. *Dunford* (207 N. Y. 17 [1912]), decided when the statute was much as it is today, though not as extensive in the exceptions noted, the court observed "The word 'traffic' has the popular meaning of an exchange, or a passing of goods, or commodities, for an equivalent in goods, or money" (p. 20). "It seems to be intended by this legislation to declare that act a nuisance, which disturbs the public rest on Sunday, or tends to profane the day by any unnecessary, or noisy, conduct" (p. 21). (Cf. *People* v. *Friedman*, 302 N. Y. 75.) The prohibition of section 2147 of the Penal Law referred to and was designed to include tangible personal property, not services. Nor does the fact that an automatic vending machine on the premises afforded prospective users of the laundromat an opportunity to obtain soap and bleach by the deposit of coins, independent of any participation by the defendant, bring it within the language of the section. Concur — Botein, P. J., Breitel, M. M. Frank, Valente, and Stevens, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK REALTY CORPORATION, Appellant.—Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

RELDAN TRADING CORP., Respondent, v. NELSON H. HAUSE, Appellant. — Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

RICHARD VASQUEZ, an Infant, by His Guardian ad Litem, TINA VASQUEZ, Plaintiff, and TINA VASQUEZ, Respondent, v. ALEX FRANK, Appellant, et al., Defendants.— Judgment unanimously reversed on the ground of the excessiveness of the verdict and a new trial ordered, with costs to abide the event, unless the plaintiff stipulates to reduce the verdict to the sum of $6,000, in which event, the judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER RAYMOND SMART, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.

AIREX MANUFACTURING COMPANY, INC., Respondent, v. FREDERICK A. McKECHNIE, JR., Doing Business under the Name of MAGIC SNELL TACKLE COMPANY, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.