**Steven Rellon HESS and Venus Book Mart, Inc., Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–74–509.

Court of Criminal Appeals of Oklahoma.

June 3, 1975.

Don E. Gasaway, George P. Phillips, Tulsa, for appellants.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

The appellants, Steven Rellon Hess and Venus Book Mart, Inc., hereinafter referred to as defendants, were charged, tried before a jury and convicted in the District Court of Comanche County, Oklahoma, for violation of 21 O.S. § 1040.51, barter and traffic in and with a certain moving picture film of persons in acts of sexual intercourse and unnatural copulation. Punishment was assessed at a fine of $25,000 against the corporate defendant and a fine of $10,000 against the defendant Hess. From a judgment and sentence in conformance with the verdict the defendants have perfected their timely appeal.

Briefly stated the facts are as follows: On or about the 17th day of July, 1973, Lawton Police Officer Thomas King went to the Venus Book Mart, an adult bookstore located in Lawton, Oklahoma and viewed a certain film in a coin operated viewing machine on the premises. On or about the 19th of July, Officer King reported what he had seen on the film to the Comanche County District Attorney. The District Attorney prepared an affidavit for search warrant and a search warrant and the affidavit were presented to District Judge Jack Brock in the presence of Officer Douglas Aldridge. Judge Brock issued a search warrant and ordered King and Aldridge to execute same by seizing the film which King had described in the affidavit. The officers went to the bookstore and found defendant Hess operating same. King placed coins into the machines until he found the film in question and the film was seized. At no time prior to the seizure did Judge Brock or any other Judge of the District Court view the particular film. The affidavit in support of the search warrant described the film only as a "lewd and obscene film" and described its contents as containing moving pictures of a male and female engaged in acts of sexual intercourse and oral copulation. No adversary hearing was held prior to the issuance of the warrant nor was Officer King interrogated in Judge Brock's presence. The warrant itself was directed towards the seizure of a "lewd film" although the officers were instructed to seize that particular film which King had seen on the 17th. The film was introduced into evidence over strenuous objection of the defense and shown to the jury in its entirety.

The State then called Robert C. Bodenhamer who testified that he resided in Comanche County, had viewed the film and thought that it was "pure garbage". It was his opinion that an average person, applying contemporary standards, would find the film, taken as a whole, appeals to the prurient interest; that the film depicts sexual conduct in a patently offensive way; and that the film, taken as a whole, lacks serious literary, artistic, political or scientific value. He then testified that the film did not arouse him sexually and that his opinion was based upon a personal opinion of moral judgments. He further stated that he was a member of a group appointed by the mayor of Lawton to upgrade the type of literature sold on newsstands. The State then rested.

The defendants called William Edens, program director for a local radio station, who testified that he viewed the film and found it amusing. He further testified that the film did not excite him sexually and in his opinion would not cause anti-social behavior. He felt if some 20,000 persons viewed sexually explicit material over a period of time in the community then that would be a part of the contemporary community standards.

Walter Clements then testified that he was part owner of a local bookstore which in the past had had an adult section. In two and one-half years between 15,000 and 20,000 persons had visited the adult section and approximately 600 persons per month bought sexually explicit material. He further testified that he had viewed the film and that it did not appeal to his prurient interest or excite him sexually.

The defendant next took the stand in his own behalf testifying that he had been employed at the Venus Book Mart for approximately two months at the time of the arrest and that approximately 1,000 people per week visited the store and went to the back room where the movie machines were located. He further testified that he did not see the particular film in question, but knew that the films contained "sexual activity" and included sexual intercourse, and that the machines made quite a bit of money.

The defendants' first proposition in error urges that 21 O.S. § 1040.51 under which the information was filed, trial conducted and judgment and conviction rendered was at the time of the filing of said information unconstitutional in light of the rulings of the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, and its companion cases. The defendants further urge that the retroactive application of the Miller standards to the defendants in the instant case violates the constitutional ex post facto law proscription and that this Court's authoritative construction of § 1040.51 in State v. Combs, Okl.Cr., 536 P.2d 373, was an unconstitutional usurpation of the legislative function.

All of the above arguments are answered in the negative by this Court in its recent decisions in Hess, et al. v. State, Okl.Cr., 536 P.2d 362, and Combs v. State, Okl.Cr., 536 P.2d 373. See also Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, (June 24, 1974), and Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

■ The defendants next contend that the trial court committed reversible error in failing to swear in the bailiff pursuant to requirements 22 O.S. § 857. However, the record in the instant case is completely void concerning the swearing of the bailiff and it appears that no objection was raised, if in fact, the bailiff was not sworn. Such an error is never presumed.

It must affirmatively appear from the record. See Feil v. State, 81 Okl.Cr. 133, 161 P.2d 770. Therefore, defendants' proposition is without merit.

■ The defendants' next proposition in error contends that Rule 6 of this Court as outlined in State ex rel. Fallis v. Caldwell, Okl.Cr., 498 P.2d 426, is unconstitutional as it amounts to a usurpation of the legislative function by this Court. With this contention we cannot agree. Rule 6 only provides a forum and procedure to assert a co-equal right of the State. See *Caldwell,* supra. This Court has the authority under its superintending power to provide for such a procedure to achieve a true balance of criminal justice.

■ Defendants next contend that the trial court erred in overruling the defendants' motion to suppress the introduction of the seized film into evidence. In support of their contention the defendants argue that no magistrate viewed the film in an effort to focus searchingly upon the question of obscenity prior to the issuance of the warrant and that, therefore, the warrant was issued in violation of the explicit guidelines set down in the recent decision of the United States Supreme Court in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745. With this contention we agree. The record reflects that the Judge issuing the search warrant did not view the film prior to the issuance of the warrant. The facts in the instant case do not present exigent circumstances wherein immediate police action must be "now or never" to preserve evidence. The film complained of was not stolen or contraband and was not in the process of being removed or destroyed. The failure of a neutral magistrate to view the film prior to the issuance of a constitutionally sufficient search warrant was error. See also Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757.

The defendants next contend that the trial judge committed reversible error in failing to direct a verdict in favor of the

defendants on the basis that there was no testimony showing that the defendants bartered or trafficked in moving pictures. We agree.

The pertinent portion of § 1040.51 is as follows:

"Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture . . . of any person . . . in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, . . ."

The terms "barter" and "traffic in" as used in § 1040.51 have the popular meaning of an exchange or passing of goods, merchandise or commodities for an equivalent in goods or money. People v. Gwyer, 7 A.D.2d 711, 179 N.Y.S.2d 987; Mollendorf v. State, 67 Idaho 151, 173 P.2d 519; People v. Dunford, 207 N.Y. 17, 100 N.E. 433. The evidence as presented at trial reflects that the defendants operated, maintained and made change for machines which exhibited films for individual viewers. This does not constitute bartering or trafficking in moving pictures as contemplated by the normal usage of the term, especially in light of the other prohibited acts in § 1040.51, namely: buying, selling, delivering or transporting. The trial court should have sustained the defendants' motion for a directed verdict of acquittal by reason of a fatal variance between the allegations of the information and the proof.

For all the reasons set out above it is the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby reversed and the cause is remanded for further proceedings not inconsistent with this opinion. See Agnew v. State, Okl.Cr., 526 P.2d 1158.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.