Larry James WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–316.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1976.

Rehearing Denied Dec. 28, 1976.

Ronald H. Mook, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Eric Warner, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

Appellant, Larry James Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–1327, for the offense of Attempted Robbery By Force. From a jury sentence of twenty-five (25) years' imprisonment in the State penitentiary defendant perfects this timely appeal.

The prosecution's evidence disclosed that at about midnight on June 18, 1975, De-Wayne Samples and his wife were sweeping the parking lot of a Quik-Trip Store, of which he was the assistant manager. At that time three men approached the store, looked in the windows and proceeded to a nearby telephone booth which was being used by Steve Savage. One of the three men requested Savage to drive him across town, which request was refused. Savage told his girl friend that a robbery was going to occur. Samples followed the three men into the store and stepped behind the counter; whereupon the three individuals formed a semicircle about him. Samples identified the defendant as one of the two dark haired men in the group. Before Samples could inquire as to what the men wanted, the blond member struck him on the head, knocking him onto the counter. The assailant reached into his shirt and stated that this was an armed robbery, whereupon Samples ran out of the back of the checkout stand and into an adjoining room. There, he grabbed a gun from his wife, who had witnessed the assault and gone to retrieve the weapon. Samples ran back into the store, heard someone hitting the cash register buttons, and tried to cut off their exit. Two men escaped but Samples caught the third individual, whom he identified as the defendant, and forced him to the floor. At this point Savage entered the store to aid Samples. The defendant then jumped up, repelled attempts to restrain him and ran from the store. Samples gave chase, fired warning shots and then shot the defendant. Savage was unable positively to identify the shooting victim as the defendant.

At this point the State rested and the defendant's demurrer to the evidence was overruled.

The defendant took the stand in his own behalf and testified that he went to the Quik-Trip Store on the night in question with two other men but did not stand by any phone booth. Upon entering the store he did not go to the checkout counter, but rather he proceeded down the potato chip aisle. When a fight broke out between one of his companions and the store manager, defendant was not involved, and heard nothing about an armed robbery. Defendant saw his two friends run from the store, but did not see Samples until he started hitting defendant with a gun. Defendant attempted to explain his innocence to the manager but finally had to escape in order to avoid the beating. He ran from the store, was shot in the back and leg, yet managed to get away and hide from Samples. Defendant stated he had nothing to do with the robbery in question.

■ The defendant's first assignment of error alleges that the trial court, by refusing defendant's requested instructions, denied the defendant an opportunity to present his defenses. A review of the record discloses that the areas covered by defendant's requested instructions were also embraced in the instructions submitted to the jury. We have long held that a refusal of requested instructions is not error when the subject matter has been sufficiently covered by the instructions actually given. See, *Sanders v. State*, Okl.Cr., 287 P.2d 458 (1955); *Arnold v. State*, 96 Okl. Cr. 266, 252 P.2d 941 (1953).

**922**

Secondly, defendant assigns as error statements in the prosecution's closing arguments which, allegedly, denied defendant his right to a fair and impartial trial. The record evinces not only that the statements were conclusions based on the evidence, and not opinions, but also that the defendant failed to raise any objection at trial. In either instance the defendant's proposition is without merit. A district attorney may state his conclusions based on the evidence. *Hayes v. State*, Okl.Cr., 397 P.2d 524 (1964). Additionally, a failure to object to comments at trial generally denies review of those statements. *Kennamer v. State*, 59 Okl.Cr. 146, 57 P.2d 646 (1936).

Defendant asserts in his third assignment of error that the unresponsive statement by DeWayne Samples was so prejudicial as to deny defendant due process of law. Upon inquiry by the District Attorney as to where Samples resided, witness Samples responded, "I'm not really at liberty to give it out. I've been having threats made on my life." The comment was immediately objected to by the defendant's attorney, and the court admonished the jury to disregard the statement. The occurrence of such events as this are immediately suspect due to their inherently prejudicial qualities and the inability to erase their effect upon the jury. The central issue must be, was the defendant denied a fair and impartial trial due to the statement? If the evidence of guilt is independently sufficient and the remark does not seem to have decidedly swayed the jury, then the statement is not reversible error. *Robinson v. State*, Okl.Cr., 507 P.2d 1296 (1973); *Goodwin v. State*, Okl.Cr., 506 P.2d 571 (1973). Such is the case here.

The defendant contends in his final assignment of error that the evidence was insufficient to support the verdict and that the trial court erroneously held otherwise. In rejecting this allegation we would reiterate that this Court will not dis-

turb a jury verdict where there is competent evidence in support thereof. *Morris v. State*, 30 Okl.Cr. 382, 236 P. 443 (1925); *Maggard v. State*, 9 Okl.Cr. 236, 131 P. 549 (1913).

For the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.