The STATE of Oklahoma, Appellant,

v.

Michael D. CONAUGHTY, Appellee.

No. O-76-219.

Court of Criminal Appeals of Oklahoma.

March 8, 1977.

Curtis P. Harris, Dist. Atty., William Mark Blasdel, Asst. Dist. Atty., for appellant.

Berry Albert, Oklahoma City, for appellee.

## OPINION

BLISS, Judge:

This is an appeal on a Reserved Question of Law brought by the State of Oklahoma from orders of the District Court, Oklahoma County, sustaining a motion to suppress

evidence and dismissal in Case No. CRM–75–613, wherein Michael D. Conaughty, herein called the defendant, was charged with exhibiting obscene movies, in violation of 21 O.S.1971, § 1040.8.

The parties stipulated all facts presented in the case. The stipulation recited that on the 19th day of June, 1975, a motion to suppress evidence, which had previously been filed on behalf of the defendant, was heard by Special District Court Judge, Creston B. Williamson. The object of the motion was to suppress a motion picture film, *Sexual Customs in Scandinavia*, held by the District Attorney's Office as evidence in the present case. Said motion picture film was obtained from the Chieftain Theater on February 26, 1975, pursuant to a search warrant signed that same day by District Judge Homer Smith and served by Ben Satterfield of the Oklahoma City Police Department. Prior to obtaining the warrant, Officer Satterfield had viewed an earlier showing of the film on that same day. He was the affiant in the affidavit for search warrant. The defendant herein was charged with exhibiting obscene movies in his managerial capacity, as prohibited by 21 O.S.1971, § 1040.8.

After motion to suppress the film at trial, Judge Williamson ordered that the film be suppressed. The State presented no other evidence. The defendant demurred and the demurrer was sustained.

The assignment of error is that the trial court erred in suppressing an evidentiary film which was obtained via a search warrant obtained after a police officer viewed an earlier showing of the film and related its contents to a magistrate who relied on the affidavit for probable cause to issue the warrant.

█ At trial, Judge Williamson relied on *Hess v. State*, Okl.Cr., 536 P.2d 366 (1975), in which this Court had interpreted *Heller v. New York*, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), as requiring that the magistrate issuing a search warrant view the film himself prior to issuing a warrant. Although we believe that our construction of the *Heller* case in *Hess*, supra, was not unreasonable, we now feel in light of subsequent cases, that we must modify our holding in *Hess v. State*, supra, to the effect that the magistrate issuing a search warrant is not first required to view the film.

█ It is still true that a warrant for seizing allegedly obscene material may not issue on the mere conclusionary allegations of an investigating officer. *Lee Art Theatre v. Virginia*, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968). It is therefore apparent that the film seized in *Hess v. State*, supra, should have been excluded because the affidavit in support of the search warrant described the film only as a "lewd and obscene film."

█ A magistrate may find probable cause to issue a warrant when an affiant views a film and in his affidavit or attendant testimony he factually describes the film in detail. *United States v. Marks*, 520 F.2d 913 (6th Cir. 1975). See also, *United States v. Pryba*, 163 U.S.App.D.C. 389, 502 F.2d 391 (1974), *United States v. Sherpix, Inc.*, 168 U.S.App.D.C. 121, 512 F.2d 1361 (D.C.Cir.1975). The affidavit must simply allow the magistrate an opportunity to "focus searchingly on the question of obscenity," *Roaden v. Kentucky*, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973); *Marcus v. Property Search Warrant*, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); *McCrary v. State*, Okl.Cr., 533 P.2d 629, 631 (1974); *United States v. Pryba*, supra, at 403.

For all the reasons set out above, it is the opinion of this court that the orders of the District Court appealed from should be *REVERSED*.

BUSSEY, P. J., and BRETT, J., dissent.