**Ronald Gene SMITH, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–78–542.**

Court of Criminal Appeals of Oklahoma.

Aug. 29, 1979.

Rehearing Denied Sept. 20, 1979.

Douglas Garrett, Muskogee, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Ronald Gene Smith, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Muskogee County, Case No. CRF–76–322, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was fixed at eighteen (18) years' imprisonment. From said judgment and sentence, an appeal has been perfected to this Court.

The State's evidence established that on the evening of October 25, 1976, the residence of Mrs. Ralph Rogers in Muskogee was broken into and certain items of personal property were taken. At approximately 8:30 p. m., one Jeanne Eichenberger, visiting at a residence across the street from the Rogers' home, saw a car, driving with its lights off, park beneath a street light near the Rogers' house. The witness observed a black male get out of the car and walk into the Rogers' side yard. The man then returned to the parked car carrying an armful of unspecified material in a shiny black bag. Aided by the headlights of an acquaintance's automobile, the witness watched the man put the shiny bag in the trunk of the parked car and tie his shirt over the license plate before driving away. The man had threatened the witness as she walked toward the car. After ascertaining that the Rogers were out of town, she called the police. She gave the description of the subject and his vehicle to the police. She subsequently accompanied the detective to a location west of Muskogee where she identified a maroon car as being the same vehicle she observed earlier that evening at the Rogers. She then proceeded to the police station where she observed a man of the same height and build, and wearing the same clothing as the subject she saw in the Rogers' yard. She further testified that she did not get a look at the man's face before he drove away.

Trooper Gary Rogers testified that on October 25, 1976, at approximately 9:25 p. m. he received a radio report concerning a black male, driving a late model maroon Cadillac. Shortly thereafter, he observed a vehicle matching the description and placed the driver of the vehicle, defendant, under arrest.

Detective Bud Summers testified that he informed the defendant of his *Miranda* rights and defendant executed a consent waiver. Defendant stated that he had been visiting some relatives in Taft and was enroute to Haskell.

Defendant did not testify nor was any evidence offered in his behalf.

Defendant asserts in his first assignment of error that he was deprived of a fair and impartial trial by reason of improper remarks made by the prosecuting attorney. We have carefully examined each of the alleged improper remarks and observe that although the record reflects that the defendant objected to the remarks at no time did he request that the jury be admonished to disregard the same. It is a well-established rule that counsel for the defendant must not only object to improper argument of the prosecuting attorney, but must go further and move the trial court to exclude the remarks from the jury's consideration and when this is not done, any objection is waived unless the remarks are so

fundamentally prejudicial that the trial court could not by instructions to the jury correct such error. See *Fletcher v. State*, Okl.Cr., 364 P.2d 713 (1961); *Mayfield v. State*, Okl.Cr., 488 P.2d 1311 (1971); *Neal v. State*, Okl.Cr., 506 P.2d 936 (1973) and *McCall v. State*, Okl.Cr., 539 P.2d 418 (1975). Although this Court does not condone all of the language and phraseology used by the prosecuting attorney in closing argument we are of the opinion that none of the remarks were so fundamentally prejudicial that any error could not have been cured by withdrawal of the remarks. The jury was, in fact, admonished by the trial court to disregard the most flagrant remark made by the prosecuting attorney that the defendant's attorney "may be paid to come in here and confuse you all or whatever else, I don't know." Such remarks are clearly improper, however we cannot find that they were of such a nature so as to have determined the verdict. Under such circumstances we have held that the error is adequately remedied by the trial court's admonition to the jury to disregard the remarks. See *Louder v. State*, Okl.Cr., 568 P.2d 344 (1977); *Williams v. State*, Okl.Cr., 557 P.2d 920 (1976) and *Sizemore v. State*, Okl.Cr., 507 P.2d 1330 (1973).

The defendant contends in the second assignment of error that the trial court erred in allowing the testimony concerning his identification. The defendant argues that the pretrial lineup at the police station was so suggestive as to create a substantial likelihood of a misidentification; citing as authority *Stovall v. Deno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) and *McDaniel v. State*, Okl.Cr., 576 P.2d 307 (1978).

The Attorney General does not quarrel as to the law presented by defendant's citations of authority but rather argues that they are distinguishable from the instant case. We agree. Defendant's citations of authority apply to those cases involving a pretrial identification of an individual where in the instant case there was no

pretrial identification in that the witness merely identified certain articles of clothing worn by the person she observed at the police station as being identical to those worn by the person she observed at the scene. At no time did the witness identify the defendant as being that person.

We would further observe that had there, in fact, been a pretrial identification at the lineup which was held shortly after the commission of the offense, that the same would have been admissible under our holding in *Nubine v. State*, Okl.Cr., 506 P.2d 952 (1973). In *Nubine*, supra, at 958, we quoted with approval the following from *State v. Meeks*, 205 Kan. 261, 469 P.2d 302:

> "[T]he time between the crime and the arrest was short; the finger of suspicion pointed to the appellant, but he denied the crime. He may or may not have been the robber. The only eye witness who could identify the appellant for sure was the victim, and time was important. Any delay in identifying the appellant would mean that, had he not been the robber, the real culprit would be at large with the trail growing cold while the appellant remained in custody. . . . "

■ Defendant further urges under this assignment of error that the prosecuting attorney made the following improper remark:

> "Folks, I suggest to you if Ronald Gene Smith that night would have told detective Summers, you know, that I loaned my car to somebody and maybe it was over there, that would have flown. That dog may have hung." [Tr. 127–128].

The defendant argues that this is an improper comment on his right to not incriminate himself. We are of the opinion that this proposition is wholly without merit. The prosecuting attorney was not commenting on defendant's failure to exculpate himself but rather on what defendant did say to Detective Summers in that the remark was prefaced by the following:

> "Detective Summers. Detective Summers talked to you about how he interviewed this man, had a show-up to the

woman and how he conducted that and how he interviewed this man and how this man's signature was on the waiver of rights, the *Miranda* Warning, and how this man denied ever having been in Muskogee. [Tr. 127–128]."

In dealing with a similar issue in *United States v. Bennett*, 542 F.2d 63 (10th Cir. 1976) the Court stated at 64:

"As in the case of *Klepper v. United States*, 331 F.2d 694 (9th Cir. 1964), we consider it of significance here that appellant spoke a little, but not much. Appellant could have remained entirely silent, in which case comment on that fact by the prosecutor would not have been proper. He chose to express himself, however, and testimony as to what he did say was in evidence. As such it was fair subject for comment by the prosecutor. *Klepper v. United States*, supra; *United States v. Fancutt*, [491 F.2d 312 (10th Cir. 1974)] supra. The latitude to be afforded the prosecutor in closing argument includes permission to draw inferences from the evidence as to appellant's state of mind at pertinent times. *United States v. Lawson*, 483 F.2d 535 (8th Cir. 1973), cert. den'd, 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757. . . . "

▮ Defendant alleges in third assignment of error that the evidence was insufficient to sustain the conviction in that all the evidence was circumstantial and the proof failed to exclude every reasonable hypothesis but that of guilt. We are of the opinion that there was sufficient evidence, although entirely circumstantial, to support the verdict of the jury. State's evidence established that there was an unauthorized entry of the victim's home through the back door and that personal property was taken. Ms. Eichenberger observed a black male walking in the side yard of the Rogers' home carrying a filled shiny bag. He placed the bag in the trunk of the car and drove away. Defendant was arrested shortly thereafter driving the vehicle which was positively identified by Ms. Eichenberger as being the car she observed at the scene. The car had two pink pillows and a multi-colored serape blanket in the rear deck which she observed at both the scene and at the point of arrest.

▮ We have consistently held that where there is evidence, although entirely circumstantial from which the jury could reasonably find the defendant guilty as charged, the weight, credibility and probative effect of such evidence is for the jury, and this Court will not disturb the verdict for insufficiency of the evidence. See *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976) and *Edwards v. State*, Okl.Cr., 508 P.2d 699 (1973).

Defendant finally asserts that the numerous irregularities created a cumulative situation wherein he was denied a fair trial. We agree that the trial was not a perfect one; however, because of the reasons and authorities cited in the preceding assignments of error we cannot find that the defendant was denied a fair and impartial trial. We are of the opinion that justice would best be served by modifying the judgment and sentence to a term of fourteen (14) years. The judgment and sentence is Modified from eighteen (18) years to a term of fourteen (14) years and as Modified is AFFIRMED.

CORNISH, P. J., concurs.

BRETT, J., concurs in results.