Lindon L. MYERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-810.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1982.

Richard O. Burst, Sr., Guthrie, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Lindon L. Myers, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court of Comanche County, Case No. CRF–80–85, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, was sentenced to twenty (20) years' imprisonment, and he appeals.

On the night of February 9, 1980, a man later identified as the defendant was seen by police inside a building owned by Gibson's Meat Market. The officers ordered him outside and placed him under arrest. The owner of the building testified that all the doors and windows were shut and locked when he left.

Initially, the defendant asserts that the trial court erred in refusing to give instructions concerning a lesser included offense not amounting to burglary, covered by 21 O.S.1981, § 1438. This argument is based on the defendant's belief that the State failed to prove there was an actual breaking by him.

Testimony of the arresting officers revealed that there was more than one set of footprints in the snow near the door. There was evidence of scratch marks on the door, although the owner admitted that he had in the past pried the door open after occasionally forgetting his keys. However, the undisputed evidence is that the doors were closed at the end of the day, and that the defendant was later observed inside the building late at night near a desk with empty money bags and a screwdriver in his back pocket, and when ordered to do so he walked out of the door. Myers offered no explanation for his presence inside the building.

 Although the evidence of breaking may have been circumstantial, we find that in light of the overwhelming evidence it was ample to support the verdict of the jury, with which we will not interfere. See, *Smith v. State,* 599 P.2d 413 (Okl.Cr.1977); and *Beasley v. State,* 635 P.2d 627 (Okl.Cr. 1981). Furthermore, reasonable inferences

drawn from circumstantial evidence need not exclude every hypothesis or negate any possibility other than guilt. *Luker v. State,* 552 P.2d 715 (Okl.Cr.1976). Accordingly, we dismiss this assignment of error as being without merit.

In his second assignment of error, the defendant asserts that the trial court erred in admitting evidence relating to his invocation of his right to remain silent. Specifically, the defendant points to the following exchange between the prosecutor and the arresting officer:

Q: At anytime subsequent to the *Miranda* rights being given to him, did he make any comments about what happened?

\* \* \* \* \* \*

A. The only thing that Mr. Myers said when he first came out the door of the building was he—

MR. AYCOCK: Your Honor, I'm going to object.

BY THE COURT: The objection is sustained; it's not responsive to the question.

Q. You can't tell that. You can tell the jury anything that he said after you gave him his Miranda rights.

A. (Negative nod.) Mr. Myers didn't really say anything other than personal information that we needed to fill out the paper work on.

The defendant claims the above testimony "unmistakably" referred to the defendant invoking his *Miranda* rights.

This Court has consistently held that a person has the right to remain silent when arrested and that such silence cannot be used against him to establish the commission of a crime. However, even an officer's statement that the defendant "wished to remain silent" in response to his *Miranda* rights has been held not so severe as to require reversal. See, *Burroughs v. State,* 528 P.2d 714 (Okl.Cr.1974). While we do not condone questioning which may intrude on a defendant's right to remain silent, we do not find that the statement in the present case requires a reversal. Furthermore, such an error, if any, must be pre-

served by both an objection and motion for mistrial. *Runnels v. State,* 562 P.2d 932 (Okl.Cr.1977). The defendant has not properly preserved the issue for review on appeal. Accordingly, this assignment of error is dismissed.

Third, the defendant asserts the trial court erred by overruling his objection to the endorsement of additional witnesses. Specifically, he objects to the fact that the State, after the preliminary hearing and approximately two weeks before trial, was allowed to endorse two additional witnesses without notice to him. The defendant claims such an act violates 22 O.S.1981, § 303, the intent of which, he contends, is to require the prosecutor to, at the time of filing, endorse the names of any witnesses he intends to call at the preliminary hearing or at trial; thereafter, it is left to the sound discretion of the trial judge. The defendant cites a statute amended in 1980; however, we do not believe such an amendment changed the basic intent of the statute.

In such a situation, reversible error does not occur unless the court abuses its discretion and it results in prejudice to the defendant. *Fitzpatrick v. State,* 544 P.2d 525 (Okl.Cr.1975). Most important, if defense counsel is surprised by such endorsement and needs more time to prepare, he should withdraw his announcement of ready for trial and file a motion for continuance or postponement setting forth the reasons for surprise and other evidence, if any, he could produce to rebut such testimony. Where he fails to do this the error, if any, is waived. See, *McCluskey v. State,* 372 P.2d 623 (Okl.Cr.1962); *Songer v. State,* 464 P.2d 763 (Okl.Cr.1969); and *Paschall v. State,* 96 Okl.Cr. 198, 252 P.2d 175 (1952).

In the present case, a witness was endorsed after the preliminary hearing and two weeks before the trial, at which time the defendant objected. However, the defendant did not seek a delay or continuance. Accordingly, we dismiss this assignment of error as being without merit.

Fourth, the defendant asks this Court to reconsider its earlier views regarding the

constitutionality of Rule 6 of this Court. Specifically, he urges that the State has no right to appeal a decision regarding the sufficiency of the evidence from the preliminary hearing, nor has this Court the power to grant such a right.

This Court directly addressed this issue in *Hess v. State*, 536 P.2d 366 (Okl.Cr.1975), wherein we stated that the rule only "provides a forum and procedure to assert a co-equal right of the State." Furthermore, this Court has the authority to create such a rule under its superintending power to provide such a procedure to achieve a true balance of criminal justice. Again, we reaffirm our holding in *Hess* and dismiss this assignment of error.

■ Finally, the defendant asserts the trial court erred in failing to deliver a special cautionary instruction concerning the appellant's failure to testify, citing *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). In *Hill v. State*, 648 P.2d 1268, 53 O.B.J. 1921 (Okl.Cr.1982), we held that such a contention is without merit, stating that *Carter* is limited only to those situations in which the defendant has made a specific request that the jury be instructed as such. See, *King v. State*, 640 P.2d 983 (Okl.Cr.1982). The defendant did not request such an instruction and, therefore, was not entitled to one. Accordingly, this assignment of error is dismissed as without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

CORNISH, J., concurs in results.