Charles Ellis JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–116.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1986.

James O. Goodwin, Goodwin & Goodwin, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Charles Ellis Johnson, hereinafter referred to as the defendant, was convicted in the District Court of Tulsa County, Case No. CRF–81–2270, of Assault and Battery with a Deadly Weapon and was sentenced to twenty (20) years' imprisonment. He now appeals.

Briefly stated, the facts are that on June 23, 1981, Michael Moore, an employee of the Chrysler Credit Corporation, drove to the defendant's Tulsa home to peacefully repossess the defendant's car. Moore stated that while driving the repossessed car to a Chrysler dealership, he was forced to stop when a pick-up truck blocked his lane of traffic. He stated that the truck's driver jumped from the pick-up and ran toward him screaming profanities at him and the Chrysler company. Moore immediately recognized the driver to be the defendant, since he had spoken to Johnson on two prior occasions.

Moore related that once near the car, the defendant opened the driver's door and began beating and scratching him. The scuf-

fle ended when the defendant reached into the glove box and grabbed a pistol. Moore stated that, with pistol in hand, the defendant backed out of the car, stood upright and despite his pleas, discharged the weapon, shooting him in the neck.

David Tallman, an eyewitness located across the street, testified he observed a heated argument between Moore and the defendant. He stated he observed the defendant leaning over Moore throwing punches and that he heard the shot as he saw the defendant raising himself out of the car. The defendant's feet were on the ground at this time.

On his behalf, the defendant testified he neither recognized Moore nor spoke to him. He stated he thought his car was being stolen and that the gun accidently discharged during the struggle.

In addition, the prosecutor and defendant's counsel stipulated that if Dr. Wallace, the physician who admitted Moore to the emergency room of Osteopathic Hospital, were to testify he would state the single gunshot wound rendered Moore paralyzed.

■ In his first assignment of error, the defendant complains of prosecutorial remarks made during trial. He maintains an opening remark made by the prosecutor that the victim was rendered paralyzed went outside the record and appealed to the sympathy of the jurors. However, after a careful review of the record, we believe this comment was clearly supported by subsequent evidence and was thus a fair comment on the stipulation of what Dr. Wallace would have testified. See, *Ellis v. State*, 651 P.2d 1057 (Okl.Cr.1982).

■ The defendant also alleges prosecutorial misconduct occurred during argument when the prosecutor stated, "Once again, I submit to you, Ladies and Gentlemen, the evidence does show that the pointing of that gun, the firing to an individual's neck in such a position rendering that individual paralyzed for life shows enough to be intent to kill." We find the prosecutor's statement to be a permissible comment based upon logical inferences drawn from the evidence. See *Davis v. State*, 665 P.2d 1186 (Okl.Cr.1983); *Williams v. State*, 557 P.2d 920 (Okl.Cr.1976).

In addition, we have reviewed other comments of which the defendant complains and find that they do not warrant modification or reversal.[1] This assignment of error is without merit.

■ In his second assignment of error, the defendant asserts he was denied a fair trial because the prosecutor expressed his opinion as to the guilt of the defendant during closing argument. A careful reading of the record reveals the defendant misconstrued the following prosecutor's statement, "*I submit* to you that pointing that gun at the victim as he is seated defenseless in the vehicle, pointing at his neck and firing that gun, is enough evidence." (Emphasis added). We are of the opinion that the prosecutor was not expressing his opinion with the use of these words, but was instead setting forth the State's position that the evidence presented was ample to prove that the defendant was guilty as charged and possessed the intent to kill. See, *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979).

■ The defendant alleges in his final assignment of error that the punishment he received is excessive. The question of excessiveness of punishment must be deter-

---

1. The defendant alleged the following comments constituted prosecutorial misconduct:
   Shooting with intent to kill provides that the defendant may be punished to a sentence of a term not longer than exceeding life. *You are aware of the results of the defendant's actions.* (Tr. 253). (Emphasis added).
   and;
   I am not asking for sympathy on the part of the victim. When you are assessing punishment, I believe it is for you to consider when an individual acts in any capacity *what the results of those actions were.* For that reason, Ladies and Gentlemen, when you are considering this case and the punishment of the Defendant, I am asking for you to find the Defendant guilty under the evidence of this case and to assess punishment and imprisonment in the penitentiary for a term of life. *I cannot comment on reasons for asking for that* .... (Tr. 254) (Emphasis added)

mined by a study of all the facts and circumstances of each case. In the instant case, we cannot conscientiously conclude that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Webb v. State,* 632 P.2d 428 (Okl.Cr.1980); *Baldwin v. State,* 596 P.2d 1269 (Okl.Cr.1979). This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., concurs in results.